## STEPHEN DE FELIPPO'S CASE.

Suffolk.    March 19, 1923. — May 25, 1923.

Present: RUGG, C.J., DECOURCY, CROSBY, PIERCE, & CARROLL, JJ.

*Workmen's Compensation Act*, Procedure: filing of claim.

An employee, who, within the provisions of the workmen's compensation act, was injured on September 15 by being buried underneath a load of sand and gravel, was treated by a physician employed by his employer's insurer for six or seven weeks for an injury to his leg and shoulder and incapacity from that physical cause ceased on November 5, when he signed a settlement receipt. He was examined by the same physician in May of the next year and was told that he had grippe and was sent to another physician and later in that month his own physician made an examination of his sputum and examined him by X-ray and discovered that he was suffering from tuberculosis. Previous to that time he never had been informed that he had developed that disease. From time to time the insurer had urged him to go to work and he had tried to find work, but "everything was slack." He had filed no claim for compensation until June 22. *Held*, that

(1) It could not be said that a finding by the Industrial Accident Board, that the employee had reasonable cause for the delayed filing of the claim, was unwarranted;

(2) It could not be said that there was no evidence to support a finding that the insurer was not prejudiced by the delay in the filing of the claim.

CERTIFICATION to the Superior Court under the provisions of the workmen's compensation act of a decision of the Industrial Accident Board that the claimant, while in the employ of Turner Construction Company, had received personal injuries which had resulted in his being totally disabled, that, although he had not filed a claim as required by the act, he had reasonable cause for failing to do so and that the insurer was not prejudiced by such failure.

In the Superior Court, the case was heard by *Morton*, J. Material facts shown by the record are described in the opinion. By order of the judge, a decree was entered in accordance with the decree of the Industrial Accident Board. The insurer appealed.

*G. Gleason*, for the insurer.

*R. A. A. Comparone*, for the employee.

DeCourcy, J.   The employee received an injury, which
arose out of and in the course of his employment, on Sep-
tember 15, 1921, when he was buried underneath a load of
sand and gravel, while working in an excavation.   He was
taken to the office of Dr. Levek as an insurance patient, and
for six or seven weeks was treated for an injury to his leg
and shoulder.   Incapacity for work arising from this par-
ticular injury ceased on November 5, 1921: and he signed a
settlement receipt.   Subsequently he became totally in-
capacitated for work because of pulmonary tuberculosis.
The insurer now concedes that there was evidence to support
the finding of the Industrial Accident Board that the accident
of September 15 was the cause of lighting up of a latent
tuberculosis, which now incapacitates the employee for work;
and also admits that there was evidence to support the
finding that the employer had knowledge of the injury as
soon as practicable after the happening thereof.   It con-
tends, however, that there was no evidence to support the
findings that the employee had reasonable cause for failure
to file his claim for compensation within six months after
the injury, and that the insurer was not prejudiced by the
delay.

1. Apparently Dr. Levek never suspected that the em-
ployee was suffering from tuberculosis.   Even in May, 1922,
when he last examined the employee, he told De Felippo
that he had grippe, and sent him to see another physician.
It was not until later in May, when the employee consulted
his own physician, Dr. Beely, and after a sputum examination
and the taking of an X-ray, that he was told he was suffering
from tuberculosis.   Prior thereto he was never informed by
any one that he had developed this disease.   From time to
time he had been told by the insurer to go to work, and had
tried to find some work but " everything was slack."   Ac-
cordingly we cannot say there was no evidence to warrant
the finding that he had reasonable cause for failing to file
his claim for compensation before June 22, 1922.

2. The more doubtful question is, whether the insurer
was prejudiced by the delay in filing said claim.   As this is a
question of fact for the determination of the Industrial

Accident Board, their finding must stand if there was any evidence to support it. Ordinarily it might be expected that an insurer would suffer prejudice by so long a delay. Nevertheless the evidence does not disclose, nor does the argument of counsel suggest, in what particular the insurer in fact was prejudiced by the delay in this case. The insurer's own physician had the care and treatment of the employee until the latter part of October, 1921, and examined him as late as May, 1922. It does not appear that even if the insurer was earlier informed of the employee's condition it would or could have afforded him any other treatment than that given him by his own physician, Dr. Beely. The employee himself could not well be held responsible for not realizing that he was suffering from this disease when a physician had failed to discover it, and had told him he was able to go to work. While on this meagre evidence the board would be warranted in finding that the employee had not sustained the burden of proving that the delay in filing his claim had not prejudiced the insurer, we cannot say there was no evidence to support the finding they made. It follows that the decree of the Superior Court must be affirmed, and it is

*So ordered.*