HARRY TINGUS'S CASE.

Suffolk.   November 12, 1930. — December 2, 1930.

Present: RUGG, C.J., PIERCE, CARROLL, WAIT, & FIELD, JJ.

*Workmen's Compensation Act*, Notice of injury, Filing of claim.

A finding by the Industrial Accident Board in proceedings under the workmen's compensation act that the insurer was not prejudiced by a delay of more than two years in the filing of the claim was warranted upon evidence that three days after the claimant was injured he "was sent down to the [insurance] doctor"; that the doctor examined him and said he needed a certain article, gave him a slip to go to a store for it and "told him to get that and the company would pay for it"; that the claimant gave the bill for the article to his employer, who sent it to the insurance company; that the employer sent a report of the accident to the insurance company ten days after the accident; that the employer wrote to the insurance company about the matter and never received a reply; and that, although the "insurance company" referred to was not shown specifically to have been the insurer, the employer was insured under the act by the insurer at the time of the accident and carried no other insurance at that time.

CERTIFICATION to the Superior Court under the provisions of the workmen's compensation act of a decision by the Industrial Accident Board awarding compensation.

Material facts found by the board are stated in the opinion. In the Superior Court, the case was heard by *Lummus*, J., by whose order a decree was entered in accordance with the decision by the board.   The insurer appealed.

*L. J. MacNab*, for the insurer.

*H. Sesnovich*, for the claimant.

CARROLL, J.   In this proceeding under the workmen's compensation statute, it was found that the employee was injured on February 17, 1928; that he suffered from a hernia.   He was awarded partial compensation.   The claim for compensation was not filed until February 28,

1930. The Industrial Accident Board found that the insurer was not prejudiced by the delay in filing the claim for compensation.

Under G. L. c. 152, § 41, compensation cannot be awarded unless notice of the injury is given the insurer or insured as soon as practicable after the happening thereof. This section also provides, so far as material here, that no proceeding for compensation shall be maintained unless the claim for compensation is made within six months after the injury. Section 49 of this statute, as amended by St. 1923, c. 125, enacts, " Failure to make a claim within the time fixed by section forty-one shall not bar proceedings under this chapter . . . if it is found that the insurer was not prejudiced by the delay."

The plaintiff testified that three days after he was injured he " was sent down to the [insurance] doctor "; that the doctor examined him and said he needed a suspensory, and gave him a slip to go to 81 Washington Street, and " told him to get that and the company would pay for it "; that he gave the bill to his employer, who sent it to the insurance company.

Peter M. Phillips testified that the employee was working for him at the time of the injury; that " he insured the place the first month after he went down there "; that on August 30, 1927, he was doing business as " John P. Cavosti & Company "; that the policy read, " insured Peter M. Phillips and John P. Cavosti, d/b as Cavosti & Company "; that he was doing business at the time of the injury with John P. Cavosti as the Laconia Grocery Company; that when the name was changed, he notified the insurance company. He further testified that he sent the employee to the insurance doctor; that he told the employee he was insured; that he told " the boy to make out the report because . . . [he] knew prior to that that it was necessary to file a report with the Commonwealth of Massachusetts. Pursuant to what witness told him he sent the two reports, one to the State and one to the insurance company." A witness testified that

he made out a report and a copy was sent to the insurance company and "one to the State"; that it was dated February 27, 1928; that he wrote to the insurance company "about the truss and they never answered them."

The record does not show that the insurer offered any evidence, and it is not argued, that the employers were not insured under the workmen's compensation act. The insurer admitted that while the employers were not insured under the name of the Laconia Grocery Company, they were covered "d/b as Cavosti & Company."

If the board found that the Aetna Life Insurance Company employed a doctor to care for injured employees insured under the statute, that the employee consulted this doctor within a few days after the injury and the doctor directed him to purchase a bandage or truss, that the appliance was purchased and the bill sent to the company and a report of the injury sent to the company on February 27, 1928, the board could find that the insurer was not prejudiced by any delay in filing the claim for compensation. If this testimony were believed, it would support a finding that the insurer knew the employee was injured in the course of his employment, that he was suffering from a hernia and was entitled to compensation. It did not appear that the insurer was mentioned by name, but it did not appear that any other insurance was carried by the employer; and the description given by the employer as to the form of insurance insuring "Peter M. Phillips and John P. Cavosti, d/b as Cavosti & Company," and later the testimony referring to the insurance company and the insurance company's doctor, indicate that it was this insurer, the Aetna Life Insurance Company, which insured the employers and their employees under the statute referred to. The board could find on these facts, although the case is close, that the insurer was not prejudiced by the failure to file a claim for compensation within six months after the injury.

*Decree affirmed.*