## MORRIS GAFFER'S CASE.

Suffolk. May 10, 1932. — June 28, 1932.

Present: RUGG, C.J., WAIT. FIELD, & DONAHUE, JJ.

*Workmen's Compensation Act,* Filing of claim, Findings of fact by Industrial Accident Board. *Evidence,* Presumptions and burden of proof.

In proceedings under the workmen's compensation act, G. L. c. 152, the claimant has the burden of proving facts which, under § 49, prevent the claim's being barred by a failure to file it within the time specified by § 41.

A finding by the Industrial Accident Board under G. L. c. 152, § 49, that a delay by the employee for more than seven years in making claim did not prejudice the insurer either in the preparation and presentation of its defence or by reason of its being deprived of the opportunity to provide the employee with medical treatment, was warranted where it appeared that the employer and the insurer had knowledge of the injury as soon as practicable after its occurrence; that the employee was treated for a few weeks by the insurer's physi-

cian, and, not receiving relief from such treatment, was treated thereafter by his own physician; that, acting upon the advice of the insurer's physician, he continued to work from the time of the injury until about the time when he filed his claim; that, shortly after the injury, he stated to the insurer, which had inquired whether he desired compensation, that he was working and therefore was not entitled to compensation; and that at all times he sought and received adequate medical treatment: it was inferable that the insurer knew the nature of the injury and knew that the employee's condition was not yielding to treatment; and that the insurer had warning that the injury might result in compensable incapacity, even if the insurer did not have full knowledge of the seriousness of the employee's injury until the time of the filing of the claim.

CERTIFICATION to the Superior Court under the provisions of the workmen's compensation act of a decision by the Industrial Accident Board awarding compensation.

Material findings by the Industrial Accident Board are stated in the opinion. In the Superior Court, a decree in accordance with the decision by the board was entered by order of *Gray*, J. The insurer appealed.

*R. J. Coffin*, for the insurer.

*S. B. Horovitz & M. Rubin*, for the claimant.

FIELD, J. This is a workmen's compensation case. G. L. c. 152. It is here on the appeal of the insurer from a decree of the Superior Court awarding compensation to the employee for the period from September 10, 1930, to January 19, 1931, and reserving his rights thereafter. The insurer contends that the employee's delay in making claim for compensation prevents recovery of compensation.

The employee was injured November 9, 1922. He made claim for compensation March 11, 1930.

G. L. c. 152, § 41, provides that "No proceedings for compensation for an injury shall be maintained unless a notice thereof shall have been given to the insurer or insured as soon as practicable after the happening thereof, and unless the claim for compensation with respect to such injury has been made within six months after its occurrence . . . ." Such notice must "be in writing" and "state in ordinary language the time, place and cause of the injury" (§ 42), but "shall not be held invalid or insufficient by reason of any inaccuracy in stating the time, place or cause

of the injury unless it is shown that it was the intention to mislead and that the insurer was in fact misled thereby," and "Want of notice shall not bar proceedings, if it be shown that the insurer, insured or agent had knowledge of the injury, or if it is found that the insurer was not prejudiced by such want of notice." Section 44. Section 49 provides that the "claim for compensation shall be in writing, and shall state the time, place, cause and nature of the injury . . . and shall be filed with the department" — the department of industrial accidents — and provides further that "Failure to make a·claim within the time fixed by section forty-one shall not bar proceedings under this chapter if it is found that it was occasioned by mistake or other reasonable cause, or if it is found that the insurer was not prejudiced by the delay."

The employee had the burden of proving facts which, under the provisions of § 49, prevented his delay in filing his claim with the department from barring proceedings for compensation. *De Felippo's Case*, 245 Mass. 308. See also *Murphy's Case*, 226 Mass. 60, 62.

The Industrial Accident Board found that the employee had reasonable cause for failing to file his claim for compensation before March 26, 1930, and that the insurer was not prejudiced by the employee's delay in filing such claim. These findings of fact must stand if warranted by the evidence. *De Felippo's Case*, 245 Mass. 308, 309–310. Either of these findings, if warranted, prevented the employee's delay in making claim for compensation from barring proceedings therefor. *Barry's Case*, 240 Mass. 409. *Dorney's Case*, 259 Mass. 350, 354. *Tingus's Case*, 273 Mass. 453.

We cannot say that the finding that the insurer was not prejudiced by the employee's delay in filing his claim for compensation was unwarranted. It has been stated, where the delay was for a much shorter period, that "Ordinarily it might be expected that an insurer would suffer prejudice by so long a delay." *De Felippo's Case*, 245 Mass. 308, 310. See also *Tingus's Case*, 273 Mass. 453. It is hard to believe that a delay of over seven years was not prejudicial to the insurer. But it cannot be ruled as matter of law that even

this lapse of time between injury and filing of claim was necessarily prejudicial. It is to be observed that we are concerned here, not with prejudice resulting from failure to give notice of injury to the insurer — for it is not controverted that the insurer had such knowledge of the injury as, under the statute, is an adequate substitute for notice — but with prejudice resulting from failure to begin proceedings to recover compensation by filing claim therefor with the department.

We are not required to speculate as to possible particulars in which the insurer might have suffered prejudice from the employee's delay in making claim for compensation, for the insurer contends only that it was prejudiced in that it "at no time until 1930 received any information as to the seriousness of this injury, nor did it have an opportunity to furnish treatment that was needed in a systematic way." This contention is met by the following subsidiary findings of the board, which are supported by evidence: "Both the employer and insurer had knowledge of the injury as soon as practicable after its occurrence and [the employee] was treated by insurer's physician, Dr. Shain, immediately after the injury, . . . for a period of about five weeks. Upon Dr. Shain's advice, he remained at work, but [he] later engaged his own physician to treat him because Dr. Shain's treatment was not relieving him. The board find that after the employee discontinued the services of Dr. Shain, the insurance company sent for him and asked him if he desired compensation. He informed the insurer that he was working and therefore was not entitled to compensation. Notwithstanding the fact that the employee suffered no compensable incapacity up to the time of the filing of his claim for compensation and the hearings of April 23 and July 22, 1930, the employee at all times sought such medical treatment as his condition called for, continuing to remain at work in accordance with the advice first given him by insurer's physician, Dr. Shain."

There was support in the evidence for the conclusion that the insurer suffered no prejudice by reason of lack of such knowledge of the serious nature of the employee's

injury as it would have acquired from an earlier filing of a claim for compensation. It was inferable that the insurer's physician, when treating the employee — and, consequently, the insurer, see *Tingus's Case*, 273 Mass. 453, 455 — knew the nature of the injury and knew that his condition was not yielding to treatment. It was inferable, also, that the insurer had warning that the injury might result in compensable incapacity. The employee, however, continued to work until after he filed his claim and, as the board found, for some time thereafter was not so incapacitated as to be entitled to compensation. Though there was evidence that the employee's condition was aggravated by his work and that, after the filing of the claim for compensation, it was practically chronic, the board could have found that at no time prior to the date of the claim was there any substantial change in his condition which should not have been anticipated by the insurer on the basis of the knowledge which it already had. Even if the insurer did not have full knowledge until 1930 of the seriousness of the employee's injury the evidence would support the conclusion that it was not embarrassed in the preparation and presentation of its defence by the employee's delay in making claim for compensation. See *Sullivan's Case*, 241 Mass. 36, 39; *Gerald's Case*, 247 Mass. 229, 232; *Johnson's Case*, ante, 481.

The insurer contends that it suffered prejudice from the late filing of the claim for compensation in that it was thereby deprived of the opportunity of affording to the employee medical treatment which would improve his condition and reduce the amount of compensation for incapacity for which it might become liable. The evidence shows a readiness on the part of the employee to accept treatment furnished by the insurer and to follow the advice of its physician. The employee cannot be said as matter of law to have been at fault in becoming dissatisfied with such treatment after five weeks in which no beneficial results appeared and in then seeking treatment elsewhere. The evidence shows a persistent seeking of treatment by the employee, though also some failure on his part to keep

appointments made for him for examination or treatment. There is no basis in the evidence for an inference that the insurer could or would have afforded the employee more effective treatment than he actually obtained.   See *De Felippo's Case*, 245 Mass. 308, 310.   The finding of the board that "the employee at all times sought such medical treatment as his condition called for" is not without support in the evidence and disposes of the insurer's contention that it was prejudiced by its lack of opportunity to afford him adequate medical treatment.   As the treatment obtained by the employee was adequate, it is unnecessary to consider the effect of the failure of an employee to obtain adequate treatment.   Compare *Floccher's Case*, 221 Mass. 54, 55.

Since the fact that the insurer was not prejudiced by the employee's delay in making claim for compensation prevents such delay from being a bar to the proceeding, we need not decide whether the finding of the board that the employee had reasonable cause for the delay was warranted.

*Decree affirmed.*