OBEDIAH RICH'S (dependents') CASE.

Suffolk.    November 15, 1938. — December 5, 1938.

Present: FIELD, C.J., DONAHUE, DOLAN, & RONAN, JJ.

*Workmen's Compensation Act*, Notice, Appeal.

In proceedings under the workmen's compensation act the question of late filing of the claim for compensation could not be raised for the first time in this court on appeal from a decree of the Superior Court awarding compensation.

Evidence in proceedings under the workmen's compensation act that an employee died one week after he was injured while at work, that on the day of his death the employer was told that the case was "probably" one falling within the act, and that on the second day following the death an autopsy was performed for the insurer by a surgeon who gave an opinion that the death was due to disease, warranted a finding that the insurer, insured or agent had knowledge of the injury or that the insurer was not prejudiced by want of the statutory notice of injury.

CERTIFICATION to the Superior Court of a decision by the Industrial Accident Board.

By order of *O'Connell*, J., a decree was entered in accordance with the board's decision. The insurer appealed.

*E. Field*, for the insurer.

*S. B. Horovitz*, (*M. Singer, B. A. Petkun, & J. H. Klein* with him,) for the claimants.

RONAN, J.    This is an appeal by the insurer from a decree of the Superior Court awarding compensation to the dependents of an employee. The deceased was injured on or about July 18, 1935, while engaged, with another employee, in carrying a stitching machine which slipped from the grasp of this other employee and came in contact with the body of the deceased with such violence as to rupture his spleen. He continued to work until July 23, 1935,

when his condition became so serious that he entered a hospital where, on July 24, 1935, he submitted to an operation. He died on July 25, 1935.

There was evidence that, on the day after the death, the insured sent one of its employees to secure from the widow permission for an autopsy and that she assented after being told that "If . . . [she] should get any compensation or anything, . . . [she] was entitled to it and they wanted to perform the autopsy." There was also evidence that, on the day of the employee's death, the undertaker telephoned to the physician of the employer and told him that the employee was dead; that he had learned from the attending surgeon that a ruptured spleen was always caused by trauma and that this was probably a workmen's compensation case; and that he had been told to look to the insurance company for the payment of his bill. This physician sent an employee of the employer to secure the widow's assent to an autopsy. One Horan, an officer of the insurer, retained a surgeon to perform the autopsy, and the insurer paid the undertaker, who had sent the bill to the employer, for the transportation of the body to and from the place where the autopsy was performed.

No written notice of injury was given and the claim for compensation was filed under date of March 3, 1937. At the hearing before the single member the insurer, so far as now material, relied upon the failure to give notice. Horan, who represented the insurer at the hearing, produced a stitching machine weighing twenty-four pounds, and stated that it was installed in July, 1935. He made no reply to the member's inquiry "May it go in the record that no question is raised as to the identity of the machine that has been used here, in connection with which testimony has been given, as being the machine which the employee was carrying at the time of the alleged accident?" Horan rested his case upon the testimony of the surgeon who performed the autopsy, which was to the effect that the condition of the spleen was due to disease and not to an accident. The decision of the single member was in favor of the dependents and contained the following finding: "I find

that the insurer, through its corporate officer, within 48 hours of the employee's death on July 25, 1935, had an autopsy performed by its physician, Dr. Leary, on the body of the employee, and had notice and knowledge of the injury as soon as practicable and was not prejudiced by delay in obtaining notice or knowledge of the employee's injury." We interpret this as a finding that no prejudice resulted to the insurer on account of the failure of the claimants to give written notice of injury. It is not a finding that written notice was given. The decision was confirmed by the reviewing board.

The insurer now contends that there was no evidence that written notice and claim for compensation were filed within the times prescribed by law; that there was no evidence that the insurer, insured or agent had such knowledge of the injury as to excuse the giving of the written notice; and that there was no evidence that the insurer was not prejudiced by the want of notice or by the failure to make claim within the time fixed by the statute. No contention was made at the hearing before the single member or at the one held by the board concerning the late filing of the claim for compensation. The question cannot be raised for the first time upon an appeal, and we do not consider it. *Mallory's Case*, 231 Mass. 225. *Goff's Case*, 234 Mass. 116. *Minns's Case*, 286 Mass. 459. *Fennell's Case*, 289 Mass. 89. *Di Clavio's Case*, 293 Mass. 259.

It was the duty of the administrative board to determine all pertinent questions of fact upon the issues raised by the parties, and the decision is to stand unless it is unsupported by the evidence, including all rational inferences that the testimony permitted. *Sanderson's Case*, 224 Mass. 558. *De Felippo's Case*, 245 Mass. 308. *Gaffer's Case*, 279 Mass. 566. *Walsh's Case*, 281 Mass. 228.

G. L. (Ter. Ed.) c. 152, § 41, in so far as material, provides that "No proceedings for compensation for an injury shall be maintained unless a notice thereof shall have been given to the insurer or insured as soon as practicable after the happening thereof"; but there is a saving clause contained in § 44, to the effect that "Want of notice shall not

bar proceedings, if it be shown that the insurer, insured or agent had knowledge of the injury, or if it is found that the insurer was not prejudiced by such want of notice." The burden is upon the claimant, where the statutory notice has not been given, to prove that the insurer, insured or agent had knowledge of the injury or that no prejudice was incurred by the insurer on account of the absence of notice. *Sullivan's Case*, 241 Mass. 36. *Gerald's Case*, 247 Mass. 229. *Johnson's Case*, 279 Mass. 481. *Anderson's Case*, 288 Mass. 96. But the statute is in the alternative, and a claimant is not required to prove both knowledge and want of prejudice, but may prevail if he shows either. *Dorney's Case*, 259 Mass. 350. *Movitz's Case*, 266 Mass. 153.

The evidence was sufficient to show that the insurer learned within a few hours of the death of the employee that the cause of death was alleged to be an injury that probably arose out of and in the course of his employment. An autopsy was performed, in behalf of the insurer, for the single purpose of determining whether there was a causal connection between the death and some accident that might have arisen out of the employment. It was not unreasonable to infer that the investigation did not terminate upon the completion of the autopsy, even if the surgeon reported that the condition of the spleen was due to disease and not to violence, in view of the opinion of the surgeon who performed the operation that the injury was due to a blow. It is undisputed that an investigation had begun. The case is clearly distinguishable from those where the insurer or the employer is ignorant of the happening of an accident or where the information possessed is insufficient to indicate that an injury has been sustained. *Kangas's Case*, 282 Mass. 155. *Hatch's Case*, 290 Mass. 259. *Meagher's Case*, 293 Mass. 304. The insurer had exact knowledge of the bodily injury sustained by the employee and its nature was consistent with the opinion of the attending surgeon as to its cause and as to the probability that it might come within the workmen's compensation act.

The employee at the time of the injury was engaged in installing stitching machines and one of these machines

was submitted in evidence. It was the subject matter of numerous questions put to the various experts. In the light of the evidence, the single member was not in error in thinking that the machine that caused the injury had been produced at the hearing, especially in view of the conduct of the insurer's representative in declining to answer the inquiry of the member as to whether the identity of the machine with the one causing the injury should not be established on the record. Clearly, it was an intimation that he thought it was the same machine. Counsel for the claimants assented, but the insurer's representative, who was not shown to be an attorney, was silent. The insurer cannot complain if the member was mistaken, on account of the equivocal conduct of its representative. He had a duty to speak, *Warner* v. *Fuller*, 245 Mass. 520, and if the machine involved in the accident was not the one submitted, he should have so apprised the member.

Of course, the insurer had a right to rest its case upon the evidence obtained from the autopsy, and we entirely disregard the statement of counsel for the claimants, made when the insurer rested, "that he wished it noted on the record that Mr. Horan brought four, five or six witnesses and didn't put them on." The claimants could not be expected to know the extent of the investigation that the insurer had conducted, and although they were obliged to show that no prejudice had been caused by the want of a notice, they are "not required to exhaust the possibilities of prejudice and displace each one, nor . . . [are they] bound to demonstrate the negative, but . . . [are] required only to give evidence of facts from which a finding of lack of prejudice is fairly inferable." *Clifford Shoe Co.* v. *United Shoe Machinery Corp.* 297 Mass. 94, 107. The insurer did not specify in what particular manner or in fact any manner by which it had been harmed as the result of the absence of the notice. It simply made the general contention that it had been prejudiced. It is clear that the evidence warranted an inference that the insurer had a seasonable opportunity to ascertain all the facts concerning the injury and death of the employee and that such

an investigation had been made. The injury was incurred in the subscriber's plant which the employee had left only two days before his death. The physician at the plant had notice of his death and the cause, and it was not improbable that the employer would seek information concerning an accident that had befallen the employee during his last few days in its service. Proof of a negative must at times rest upon inference. *Tingus's Case,* 273 Mass. 453. *Crowell v. Malden,* 273 Mass. 456. It cannot quite be said that the finding that the insurer was not prejudiced by delay in obtaining notice or knowledge of the employee's injury was unsupported by the evidence. *Johnson's Case,* 279 Mass. 481. *Anderson's Case,* 288 Mass. 96, 101. *Coakley's Case,* 289 Mass. 312. *Wnukowski's Case,* 296 Mass. 63, 66.

The motion of the claimants for the assessment of costs in accordance with G. L. (Ter. Ed.) c. 152, § 14, must be denied, as it is plain that these proceedings were not defended without reasonable ground. *Sylvia's Case,* 298 Mass. 27. *Maguskas's Case,* 298 Mass. 80.

*Decree affirmed.*