## WALTER ZABEC'S CASE.

Suffolk.  January 9, 1939. — March 1, 1939.

Present: FIELD, C.J., DONAHUE, QUA, & RONAN, JJ.

*Workmen's Compensation Act*, Injuries to which act applies, Notice,
Filing of claim.  *Proximate Cause.*  *Evidence*, Presumptions and
burden of proof.

Conflicting evidence warranted a finding that an employee in a jute
factory sustained an injury arising out of his employment within the
workmen's compensation act when he became incapacitated for work
by pneumoconiosis resulting from inhalation of dust while at work
over a period of eight months.

A finding that within G. L. (Ter. Ed.) c. 152, §§ 44, 49, an insurer was
not prejudiced by want of notice of an incapacitating injury sus-
tained by an employee in a jute factory when he contracted pneu-
moconiosis from inhalation of dust over a substantial period, or by
late filing of the employee's claim, was warranted by evidence of
knowledge of the nature and cause of the employee's condition pos-
sessed by the employer's officials and that the employee promptly
secured medical treatment.

An employee with the burden of proving that want of notice or delay
in filing his claim did not prejudice the insurer within G. L. (Ter. Ed.)
c. 152, §§ 44, 49, sustains that burden if a reasonable inference of
lack of prejudice can be drawn from his evidence; he is not required
to negative every possibility of prejudice.

CERTIFICATION to the Superior Court of a decision by the
Industrial Accident Board awarding compensation.

The insurer appealed from a decree entered by order of
*M. Morton*, J.

The case was submitted on briefs.

*M. J. Aldrich*, for the insurer.

*H. A. Moran*, for the claimant.

RONAN, J.  The grounds of this appeal from a decree of
the Superior Court awarding compensation to an employee
are that no causal connection has been shown between the
injury and the employment and that there was error in
finding that the want of notice of the injury and the mak-
ing of a claim after the time prescribed by the statute did
not prejudice the insurer.  These are essentially questions

of fact. *Ziccardi's Case*, 287 Mass. 588. *Rich's Case*, 301 Mass. 545. Such an appeal is confined to an inquiry as to whether there was evidence to support these findings by the Industrial Accident Board. We cannot weigh evidence or decide questions of fact. If there is evidence sufficient to support conclusions of fact, they must stand. *Rafaldi's Case*, 273 Mass. 232. *DePietro's Case*, 284 Mass. 381. *Wnukowski's Case*, 296 Mass. 63.

There was evidence that the employee had been steadily employed since 1917 by the insured, a manufacturer of yarn from jute. The jute, after it was removed from its containers upon the first floor of the factory, by men, some of whom wore masks to protect them from the dust, was brought to the second floor, where the employee worked, and was put through the roving machines, one of which was operated by the employee. During the last eight months of his service with the employer, the employee was steadily engaged in working upon jute "for the post office job," although other employees on this job were changed every two or three weeks to other work. The request of the employee that his work be changed was refused. While working on the jute for this job, the employee noticed that dust would pile up on his head and shoulders within ten to fifteen minutes after he commenced work. It was impracticable to wear a mask while operating the machine unless it could be cleaned every five minutes. There was so much dust from this jute that it was necessary for him to clean his machine six times a day. He was feeling well when he began work on this lot of jute, but as the work continued the inhalation of the dust caused pains in his chest and sometimes expectoration of blood. He was compelled to quit his work on March 16, 1935. The single member found that the employee was suffering from pneumoconiosis, caused by his employment, and that he was totally incapacitated for work. He awarded compensation to the employee. These findings were adopted and affirmed by the reviewing board.

The evidence concerning the cause and nature of the employee's disability was conflicting. It need not be nar-

rated. The single member saw and heard all the witnesses. He had the right to disbelieve such evidence as he deemed unworthy of credence. He stated: "I was very much impressed by the employee's evidence and feel that he was telling the truth." The origin and extent of the disability and its relation to the employment were questions of fact. *Donovan's Case*, 243 Mass. 88. *Cooper's Case*, 271 Mass. 38. The finding that the disability was causally connected with the employee's work was supported by the evidence. We cannot disturb it. *DeFelippo's Case*, 245 Mass. 308. *Gaffer's Case*, 279 Mass. 566. *Walsh's Case*, 281 Mass. 228. The evidence shows a definite physical injury that could be found to have been caused by the gradual accumulation in the employee's lungs of dust which was generated by the manufacturing process in which the employee was engaged. The evidence warranted a finding that the employee was disabled by an injury compensable under the workmen's compensation law. *Gerald's Case*, 247 Mass. 229. *Fabrizio's Case*, 274 Mass. 352. *Langford's Case*, 278 Mass. 461. *DeFilippo's Case*, 284 Mass. 531. *Wnukowski's Case*, 296 Mass. 63.

The claim for compensation was filed on November 13, 1936. The board found that the insurer was not prejudiced by the want of notice of injury or by the filing of the claim on the last-mentioned date, which was nearly twenty months after the employee quit his employment. We are not dealing with the happening of a single event concerning which the rights of the insurer might be impaired if it were kept in ignorance of its occurrence and so prevented from conducting an investigation to determine whether such an event had in fact taken place and, if it had, to ascertain all the attending circumstances, including an inquiry as to whether there was a causal connection between the employment and the injury and between the injury and the disability. *Kangas's Case*, 282 Mass. 155. *Booth's Case*, 289 Mass. 322. *Hatch's Case*, 290 Mass. 259. *Meagher's Case*, 293 Mass. 304. The evidence showed that the jute upon which the employee worked during the last eight months of his employment contained more than the usual

amount of dust because that particular lot was treated with less oil. The employee had requested the superintendent, the assistant superintendent, and the assistant overseer to change his work, and he had told two of these officials that he "was too weak and too tired and sick and I asked him for another machine for other yarn." There was testimony that in reply to his request to change his work, the assistant overseer made a remark that might be fairly indicative of knowledge that the continuance by the employee on this particular work would result in seriously impairing his health. The superintendent knew at the time the employee quit his work that he did so on account of illness. It could have been found that the only reason that the employee desired a change in his work was to avoid the excessive amount of dust which was causing him difficulty in breathing. The prevalence of dust, which the employee alleges as the cause of his injury, was known to the employer. It is not reasonably inferable in the circumstances shown by the evidence that the failure to give notice or to file a claim within the statutory period prevented the insurer from fully and properly preparing and presenting its defence. The employee sought and secured "competent medical treatment for his condition with reasonable promptness and had continued to seek and submit to such treatment." We cannot say as matter of law that, if the insurer had been afforded an opportunity of furnishing such treatment, the condition of the employee would have been appreciably improved. The insurer makes the general contention that it was prejudiced, but it does not point out any specific manner in which it incurred any particular harm. Of course, it was not required to do so. It could make its contention and remain silent. The burden was on the employee to prove that no harm resulted to the insurer from the want of a notice and from the filing of his claim when he did. He was required to prove a negative and, in the absence of specifications from the insurer, his proof would have to extend to the whole case and be sufficient to exclude any reasonable probability of prejudice resulting from the two causes in question. He need

not introduce evidence negativing every conceivable or possible contingency that harm in some indirect or remote manner might have been encountered by the insurer. The burden is sustained if he introduces evidence from which a reasonable inference can be drawn that the insurer suffered no prejudice. *Johnson's Case,* 279 Mass. 481. *Gaffer's Case* 279 Mass. 566. *Anderson's Case,* 288 Mass. 96. *McGowan's Case,* 288 Mass. 441. *Coakley's Case,* 289 Mass. 312. *Clifford Shoe Co.* v. *United Shoe Machinery Corp.* 297 Mass. 94, 107. *Rich's Case,* 301 Mass. 545.

We need not consider the finding "that the employee had reasonable cause for not filing a claim within the statutory period" or the subsidiary finding that "it was not until he was at the Mercy Hospital in 1936 that he was aware of the nature of his condition and its relationship to his employment." The employee satisfied the statute, G. L. (Ter. Ed.) c. 152, § 49, if he proved that the filing of his claim after the period stated in § 41 did not prejudice the insurer, or if he showed a reasonable cause for not filing it within the said period. A finding of either, if warranted, prevents the employee's delay in making claim from barring proceedings for compensation. *Barry's Case,* 240 Mass. 409. *Dorney's Case,* 259 Mass. 350. *Tingus's Case,* 273 Mass. 453. *Gaffer's Case,* 279 Mass. 566. *Rich's Case,* 301 Mass. 545.

We cannot say that any of the findings in question is shown to have been unsupported by the evidence.

*Decree affirmed.*