BLISS WHEATON'S CASE.

Suffolk.     November 13, 1941. — December 31, 1941.

Present: FIELD, C.J., DONAHUE, QUA, DOLAN, & RONAN, JJ.

*Workmen's Compensation Act,* Injuries to which act applies, Notice, Filing of claim.

Evidence warranted a finding in a proceeding under the workmen's compensation act that incapacity of an employee of a wholesale provision dealer, which was due to a rupture of a cerebral artery and resulting cerebral hemorrhage following the placing of a carcass of meat on his shoulders, was from an injury arising out of and in the course of his employment.

Evidence in a proceeding under the workmen's compensation act warranted a finding that failure of the employee to give notice of his injury did not prejudice the insurer within G. L. (Ter. Ed.) c. 152, § 44, by depriving it of opportunity to identify and locate a witness or to furnish medical advice and assistance, or otherwise.

Failure of an employee to file a claim under the workmen's compensation act until fifteen months after he suffered incapacity caused by a cerebral hemorrhage sustained while at work could be found to have been "occasioned by . . . reasonable cause" within G. L. (Ter. Ed.) c. 152, § 49, where the claim was filed upon the employee's learning from his physician that his incapacity arose out of his employment.

CERTIFICATION to the Superior Court of a decision by the Industrial Accident Board.

A decree was entered by *Sheehan,* J., in accordance with the decision.

*G. Gleason,* (*P. S. Ratzkoff* with him,) for the insurer.

*S. B. Horovitz,* (*J. J. Vernaglia & B. A. Petkun* with him,) for the claimant.

RONAN, J. This is an appeal by the insurer from a decree awarding compensation to an employee in accordance with the decision of the Industrial Accident Board. The grounds for the appeal are that the injury did not arise in the course of and out of the employment, that the insurer was prejudiced by the failure of the employee to give notice of the injury, that there was no reasonable cause for failure to file the claim within the period mentioned in the statute, and that the insurer was prejudiced by such delay.

It appears from the record that the employee, a man about sixty years of age, had been in the employ of the insured, a wholesale provision dealer, for thirty years prior to April 29, 1936, the time of his alleged injury. His principal duty was carrying beef, pork, lamb and veal, though in recent years his duties had been considerably lightened by confining his work to carrying lamb and veal and putting him for a time at work in the egg department. On the morning of April 29, 1936, he was engaged in unloading a large truck containing veal and lamb carcasses. This work was nearly completed by eleven o'clock. He experienced "a jerk," as a veal carcass was placed on his shoulders by the truck driver, and then felt a weakness. Within two minutes, he experienced difficulty in ascending a stairway and, after being assisted up the stairway by employees, he collapsed. The extent of his injuries is not disputed. There was medical testimony that the placing of the veal carcass upon his shoulders as he was set to receive it caused a rupture of one of the cerebral arteries which resulted in a cerebral hemorrhage; this has brought about a paralysis of the left side of his "face, arm and leg, and mental confusion," and has rendered him incapable of further employment. We need not recite the evidence. An examination of it

shows that it was sufficient to sustain the finding that the injury arose out of and in the course of the employment. *Burns's Case*, 218 Mass. 8. *Madden's Case*, 222 Mass. 487. *McLaughlin's Case*, 259 Mass. 25. *Crowley's Case*, 287 Mass. 367. *Smith's Case*, 307 Mass. 516.

The employee never gave the employer or the insurer notice of his injury. The burden was upon him to prove that he gave notice as soon as practicable after the happening of the injury or, if no notice was given, then to show that the insurer, the insured or his agent had knowledge of the injury or that the insurer was not prejudiced by the want of notice. G. L. (Ter. Ed.) c. 152, §§ 41, 42, 44. The single member, whose findings were adopted by the reviewing board, found that the employer was as familiar with all the facts as the employee from the very beginning of the employee's disability; that the employee's physical condition was such that he lacked any information as to any relationship between his disability and his work; that such a relationship would be discernible only to medical experts; that the employee's condition has not substantially changed from the time of his injury; and that a satisfactory investigation could have been made by the insurer at any time up to the date of the hearing. He found and ruled that the employee was not barred by failure to give the notice required by statute.

The filing of a notice "as soon as practicable" after the occurrence of an injury requires an employee to furnish such notice within a reasonable time after he has knowledge of the particulars that the notice should contain. He could not be expected to give a notice of the cause of the injury, the nature of which might be entirely due to disease, until, acting reasonably in search of the cause of his disability, he learns that he has sustained an injury that probably arose out of and in the course of his employment. *Duffy's Case*, 226 Mass. 131. *Crowley's Case*, 287 Mass. 367. *Evans* v. *Pen-Maen-Mawr & Welsh Granite Co. Ltd.* 24 B. W. C. C. 443. *Ellison* v. *Calvert & Heald*, 155 L. T. (N. S.) 547. The employee, however, did not file any notice and he is barred from proceeding to an award unless the insurer or

the insured had knowledge of the injury or unless the want of notice did not prejudice the insurer. There is no contention that the employee did not receive proper medical treatment or that the consequences of his injury would have been less or for a shorter duration if the insurer had had an opportunity to furnish medical advice or assistance. *De Felippo's Case*, 245 Mass. 308. *Gaffer's Case*, 279 Mass. 566. The other employees who were cognizant of the apparent condition of the employee from the time he first displayed his incapacity to walk or stand until he was taken home in an automobile accompanied by one or two of these employees testified before the single member. The truck driver who was placing the carcasses upon the employees was not called as a witness. The insurer contends that the record does not disclose the identity of the truck driver or that he could be identified after a few months subsequent to the occurrence. The insurer, of course, was not obliged to show that it was prejudiced. *Zabec's Case*, 302 Mass. 465. The single member might reasonably infer that the shipment of five tons of meat to the insured's place of business would have been a matter of record that included the name of the truck driver, or that the number of men engaged in trucking goods to the insured's store was not so large but that it was likely, if an effort were made, that the identity of the driver would probably have been discovered. *Bruns* v. *Jordan Marsh Co.* 305 Mass. 437, 444. The absence of a witness cannot be said to have been due to the want of notice if at the time of the filing of a claim the insurer, by availing itself of readily accessible means, could have located and produced the witness at the hearing if it so desired. The harm, if any, resulting from the absence of such a witness, might be found to be due to the inactivity of the insurer, and not to the failure of the employee to give notice or the late filing of his claim. *Horan* v. *Watertown*, 217 Mass. 185. *Slater* v. *T. C. Baker Co.* 261 Mass. 424. *Bellows* v. *Worcester Storage Co.* 297 Mass. 188. Moreover, the employee did not contend that the truck driver was negligent in any way in putting the veal carcass on his shoulders or that he landed it otherwise than in the

usual manner, and it would be hard to see how the particular truck driver could give evidence of any specific material facts concerning the occurrence of the employee's injury. The insurer suggests none. *Walters* v. *Wall & Sons, Ltd.* 10 B. W. C. C. 667. There was testimony from other employees of the insured that corroborated in material aspects the employee's version as to the circumstances of his injury. The single member found that, while the employee on account of his injury experienced some confusion in testifying as a witness, yet he honestly and scrupulously attempted to recite accurately "the events which occurred on April 29, 1936, just before his collapse." In these circumstances we cannot say as matter of law that the inferences warranted by the testimony were' insufficient to support the finding that the insurer was not prevented from making a satisfactory investigation of the details connected with the occurrence of the injury. *Johnson's Case*, 279 Mass. 481. *Gaffer's Case*, 279 Mass. 566. *Gustafson's Case*, 303 Mass. 397.

A claim was not filed until fifteen months after the injury. The board found that there was reasonable cause for this delay. There was evidence that the employee filed a claim after he was informed by his physician that his injury arose out of his employment and that it was "then he filed his claim." There was also evidence that he did not know how long it was after he learned this from the physician that the claim was filed, and that his physician could tell why the claim was not filed sooner. A delay in filing a claim until the employee had knowledge that his injury was probably due to his work may be said to be for reasonable cause. *De Felippo's Case*, 245 Mass. 308. *Crowley's Case*, 287 Mass. 367. *Gustafson's Case*, 303 Mass. 397. The English compensation act, which in many respects is similar to our own, *McNicol's Case*, 215 Mass. 497; *Madden's Case*, 222 Mass. 487, contains provisions excusing the giving of notice of the injury and the filing of a claim within six months of the injury if there is reasonable cause for the delay. It has been held that reasonable cause exists for the delay until such time as the employee, acting reason-

ably, becomes or is made aware that his injury arose out of and in the course of his employment. *Eke* v. *Hart-Dyke*, [1910] 2 K. B. 677. *Hoare* v. *Arding & Hobbs*, 5 B. W. C. C. 36. *Ellis* v. *Fairfield Shipbuilding & Engineering Co. Ltd.* 50 Sc. L. R. 137. *Thompson* v. *North-Eastern Marine Engineering Co.* 110 L. T. (N. S.) 441. *Walters* v. *Wall & Sons, Ltd.* 10 B. W. C. C. 667. *Fenton* v. *Owners of Ship Kelvin*, [1925] 2 K. B. 473. *Templeton* v. *E. & J. Coupe & Sons Ltd.* 146 L. T. (N. S.) 518. *Cartlidge* v. *Shelton Iron, Steel & Coal Co. Ltd.* 27 B. W. C. C. 136. *Phillips* v. *G. I. Sidebottom & Co. Ltd.* 27 B. W. C. C. 382. *Baldwin* v. *London & North Eastern Railway*, 155 L. T. (N. S.) 331. *Ellison* v. *Calvert & Heald*, 155 L. T. (N. S.) 547. *Hodge* v. *Wakefield Trinity Football Club*, 30 B. W. C. C. 359.

Proof of reasonable cause for failure to file a claim within six months would itself be sufficient to enable the claimant to proceed notwithstanding the late filing of·his claim, and he was not also required to prove that no prejudice resulted to the insurer from the late filing of the claim. *Zabec's Case*, 302 Mass. 465. *Davis's Case*, 304 Mass. 530. In passing, we might remark that the considerations already mentioned in showing that the insurer was not prejudiced by failure to give notice lead to the same conclusion in reference to the claim, and support the finding that the insurer was not prejudiced by the late filing of the claim. *Gaffer's Case*, 279 Mass. 566. *Anderson's Case*, 288 Mass. 96. *Gustafson's Case*, 303 Mass. 397.

*Decree affirmed.*