JOHN J. DUGGAN'S CASE.

Suffolk.   October 5, 1943. — January 31, 1944.

Present: FIELD, C.J., LUMMUS, DOLAN, & RONAN, JJ.

*Workmen's Compensation Act*, Injuries to which act applies; Proce-
dure: notice, filing of claim. *Proximate Cause. Evidence*, Opinion:
expert.

A finding by a reviewing board in a workmen's compensation case that
a preëxisting tuberculosis of an employee, who had worked with arti-
ficial abrasive wheels for about thirty years including about ten years
with the insured employer, had been aggravated as a result of exposure
to and inhalation of inorganic dust in the service of the insured and
finally brought about a compensable total incapacity, was warranted
by a report of industrial disease referees that the employee had shown
no symptoms of tuberculosis until about the time of his incapacity,
that he did not have silicosis, but that "nevertheless it seems probable
that in the past over a period of thirty years, he has inhaled inorganic
dusts which may have been sufficient in quantity and of such an irritant
nature as to act as an exciting or contributory cause in the extent of
his present lung tuberculosis."

An opinion of an expert that a relation probably exists between two facts
is evidence warranting a finding that there is such a relation.

A finding by a reviewing board in a workmen's compensation case that
the insurer was not prejudiced by the failure of the employee to meet
the statutory requirements as to notice and filing of his claim based
on total incapacity caused by inhalation of dust from abrasive wheels
over a period of years, was warranted where it appeared that the in-
surer had had the benefit of an examination by its expert as to dust
conditions at the place of employment two months before the em-
ployee had quit work, that the employee had received adequate medi-
cal treatment after he quit work, and that the insurer had made a full
investigation of the claim, and it did not appear that it had been
deprived of any evidence because of the failure to comply with the
statutory requirements.

CERTIFICATION to the Superior Court of a decision by the
Industrial Accident Board in a proceeding under the work-
men's compensation act.

A decree was entered in the Superior Court by order of
*Fosdick*, J.

*J. G. Leonard*, for the insurer.

*S. B. Horovitz*, (*B. Petkun* with him,) for the claimant.

RONAN, J. The employee, a tool maker and general machinist, filed a claim for compensation with the Industrial Accident Board for an injury resulting from the "inhalation of dust which caused, aggravated or hastened a condition of tuberculosis." The single member appointed a board of industrial disease referees who filed a report. The decision of the single member dismissing the claim was superseded by the decision of a reviewing board awarding compensation. The insurer appealed from a decree of the Superior Court ordering the payment of compensation in accordance with the decision of the reviewing board.

There was testimony that the employee spent about three hours a day in grinding tools upon artificial abrasive wheels; that dust from the grinding wheels landed upon his face, glasses and clothes; that when he used his handkerchief he noticed black spots upon it; that he observed his sputum was black and brown; that he began to suffer from shortness of breath in May, 1939; that he thereafter had considerable coughing, raised blood and suffered a hemorrhage; that after working for the insured for nine or ten years he was compelled to quit his employment on August 7, 1939; and that he has since been totally unable to work. There was no dispute but that he had pulmonary tuberculosis. There was, however, a conflict in the testimony as to whether his disease was aggravated by his employment. The board considered the report of the referees together with all the other evidence and came to the conclusion that, as a result of exposure to and inhalation of inorganic dust in the service of the insured, the preëxisting tuberculosis of the employee was aggravated and has rendered him totally incapacitated since August 7, 1939.

The insurer contends that in view of G. L. (Ter. Ed.) c. 152, § 9B, inserted by St. 1935, c. 424, and amended by St. 1938, c. 462, the report of the referees was binding upon the parties; that the board should not have considered any evidence upon the issue of a causal relation between the injury and employment other than this report; and that the claim should have been dismissed because the report was insufficient to warrant a finding that the aggra-

vation of the tuberculosis was caused by the employment.

We assume in favor of the insurer that the only evidence that the board should have considered in determining the issue whether the employee's injury arose out of and in the course of his employment was the report of the referees, but, in doing so, we make no intimation whatever that this statute requires the exclusion of all other evidence.

The procedure under the workmen's compensation act is governed in general by the practice in equity. *Gould's Case*, 215 Mass. 480. *Brown's Case*, 228 Mass. 31. *Sterling's Case*, 233 Mass. 485. *Perkins's Case*, 278 Mass. 294. *Liberty Mutual Ins. Co., petitioner*, 298 Mass. 75. *Employers' Liability Assurance Corp. Ltd.* v. *DiLeo*, 298 Mass. 401. The sufficiency of the evidence to support the decision of the board was a question of law which is presented by the appeal from the decree entered in the Superior Court. *Di Clavio's Case*, 293 Mass. 259. *Craddock's Case*, 310 Mass. 116. *Sawyer's Case, ante*, 75. *Judkins's Case, ante*, 226.

The referees made a physical examination of the employee, read the hospital records, inspected the X-rays, obtained a full history of his family and of his present illness, viewed his place of employment, investigated the condition in reference to dust which accompanied the performance of his work, ascertained the composition of the grinding wheels which he used and the nature of the dust which was thereby produced, and came to the conclusion that the employee was suffering from a well developed bilateral tuberculosis. While they found that the employee did not have silicosis, they concluded: "nevertheless it seems probable that in the past over a period of thirty years,[1] he has inhaled inorganic dusts which may have been sufficient in quantity and of such an irritant nature as to act as an exciting or contributory cause in the extent of his present lung tuberculosis.

---

[1] A paragraph in the report of the referees read as follows: "Occupation: Tool and die maker, and had done this work continuously for ten years with this company. He had been engaged in work with iron, cast iron and steel, which required the use of an emery wheel for about thirty years. He states that these emery wheels were not supplied with an exhaust blower, and that he used more or less carborundum." — REPORTER.

He is totally incapacitated and the prognosis is indefinite."

It is the contention of the insurer that the opinion of the referees was the expression of a possibility or a surmise. It points to that part of the statement that the employee may have inhaled inorganic dust of an irritant nature in sufficient quantity to affect his tuberculosis. This portion of the statement is not to be read alone and apart from the rest of the sentence in which it appears. The thing that the referees said seemed probable to them was that the inhalation of dust in the amount and character mentioned had a part in exciting and contributing to the tuberculosis. They were expressing a likelihood that the dust had affected the employee's disease to his detriment. They were endeavoring to ascertain and report the causes of the present condition of the employee who, according to his past history as appearing in the report, was always well with the exception of an illness from which he suffered for a month when he was a boy, and whose pulmonary tuberculosis, the referees had reported, caused practically no symptoms until the middle of 1939, when he was fifty years of age. The entire opinion of the referees can be fairly understood to mean that it was probable that the dust inhaled during the years that he was employed as a machinist had affected his disease. They thought that there was a probable causal connection between the injury and the employment. We think, although the question is close, that enough appears from the report to show a probable causal connection between the injury and the employment, still assuming, as we do, that the employee must depend upon the report to establish a claim for compensation. It has frequently been held that the opinion of experts that a relation probably exists between two facts is evidence that there is such a relationship. *Walker's Case*, 243 Mass. 224, 225. *Carmossino's Case*, 268 Mass. 35, 37. *Marlow* v. *Dike*, 269 Mass. 38, 40. *Rash* v. *Albert*, 271 Mass. 247, 252. *DeFilippo's Case*, 284 Mass. 531, 535. *Sheppard's Case*, 287 Mass. 459, 463. *Robinson's Case*, 299 Mass. 499, 502. *O'Connor* v. *Griff*, 307 Mass. 120, 123. It was enough to support the claim if the report showed that it was

more likely that the disease of the employee was aggravated by the dust than that it was due to other causes. *Navien v. Cohen*, 268 Mass. 427. *Rocha v. Alber*, 302 Mass. 155. *Sargent v. Massachusetts Accident Co.* 307 Mass. 246. *Lubell v. Turner*, 314 Mass. 245.

The period of thirty years mentioned in the report includes the nine or ten years during which the employee worked for the insured and which ended on August 7, 1939, when he left his employment. The gradual accumulation of an irritating foreign substance in the body of an employee, due to the conditions of his employment, causing a lesion or some other definite physical harm, may be found to be a compensable injury, sustained when the harm has progressed to such an extent that it compels him to quit his employment. *Sullivan's Case*, 265 Mass. 497. *Minns's Case*, 286 Mass. 459. *Anderson's Case*, 288 Mass. 96. *Wnukowski's Case*, 296 Mass. 63. *Gustafson's Case*, 303 Mass. 397.

The board found that the insurer was not prejudiced by the failure of the employee to give written notice and to file his claim seasonably. G. L. (Ter. Ed.) c. 152, §§ 41, 44, 49. The evidence was sufficient to show that the employee received adequate medical treatment after he quit his employment. The insurer had the benefit of an investigation made by its expert as to conditions relative to dust at the employee's place of employment on June 13, 1939, while the employee was still employed and a short time before he quit. It apparently made a full investigation of the claim. There was nothing to indicate that the insurer, on account of the employee's failure to give notice or on account of the late filing of the claim, was deprived of any evidence that would have been otherwise available to it. Proof of want of prejudice is proof of a negative and must frequently rest upon inference. The testimony did not call for a ruling that the burden of proof had not been sustained by the employee. *Rich's Case*, 301 Mass. 545. *Zabec's Case*, 302 Mass. 465. *Davis's Case*, 304 Mass. 530. *Wheaton's Case*, 310 Mass. 504.

*Decree affirmed.*