ISRAEL N. BERTHIAUME'S CASE.

Worcester.   September 24, 1951. — December 5, 1951.

Present: QUA, C.J., RONAN, WILKINS, SPALDING, & WILLIAMS, JJ.

*Workmen's Compensation Act,* Injuries to which act applies; Procedure: filing of claim, notice, recommittal to Industrial Accident Board. *Proximate Cause.*

Evidence in a workmen's compensation case warranted findings that the employee was struck on the head by a heavy coil of wire falling from a load being hoisted by a crane in connection with which he was working as a ground man, and that such blow on the head was a proximate cause of injury to his brain.

A finding in a workmen's compensation case that the insurer was not prejudiced by a failure to file the claim until more than six years after the injury was warranted by evidence showing, among other things, that the employee had received suitable medical attention and not showing that a full investigation by the insurer had been hampered by the late filing.

Upon a record in a workmen's compensation case showing that there was no evidence warranting a finding made by the Industrial Accident Board that the employee gave notice of his injury, that the evidence would have warranted findings under G. L. (Ter. Ed.) c. 152, § 44, of knowledge of the injury on the part of the insurer, insured or agent and of absence of prejudice to the insurer through the want of notice, that the board had made no findings on the issues of knowledge and prejudice, and that otherwise the evidence and findings by the board supported its decision awarding compensation, a decree of the Superior Court dismissing the claim was reversed and the case was ordered recommitted to the board to make findings upon the issues of knowledge and prejudice.

CERTIFICATION to the Superior Court of a decision by the Industrial Accident Board under the workmen's compensation act.

The employee appealed from a decree entered by order of *Giles,* J., dismissing the claim.

In this court the case was submitted on briefs.

*J. W. Ceaty,* for the claimant.

*L. E. Stockwell,* for the insurer.

Berthiaume's Case.

RONAN, J. The employee testified that, while engaged in his regular occupation as a ground man in connection with the operation of a crane, a wire coil weighing more than one hundred pounds slipped out of a bundle of coils which was being raised by the crane and struck him on the head, rendering him unconscious; that he forthwith reported the accident to the employer's personnel director and, as advised by the latter, went to the physician who had been engaged by the employer to attend employees injured at the plant; that he furnished this physician with the details of the accident; and that the physician applied a bandage to the cut on the back of his head. The employee did not work for a couple of weeks as he had dizzy spells, headaches, and "blackouts," which caused him to fall and become unconscious. He returned to his employment for a short time and then quit because of his condition. He has not since been employed by anyone.

He has seen various physicians, some to get a pair of eyeglasses that would fit him and others because of dizzy spells and blackouts. He made six visits to the outpatient department of a hospital in January, 1947. In September, 1947, he consulted Dr. Carmody, a neurological surgeon, who sent him to a hospital where he was confined on three occasions and from which he was finally discharged on October 30, 1947. He was operated on at the hospital by Dr. Carmody, who diagnosed his condition as traumatic encephalopathy with associated cortical atrophy.

The claim for compensation was filed on September 8, 1948. It stated that the employee "was injured on or about June of 1941" when a bale of wire dropped from a crane and struck him on the head. It described the nature of the injury in the identical words employed by the neurological surgeon.

The single member found that the employee suffered an injury to chest and ankle in June, 1941, that this injury had no causal connection with the condition for which he was hospitalized in 1947, and that the insurer was prejudiced by lack of notice with reference to a head injury and by

delay in filing the claim for compensation. He ordered the claim dismissed.

The reviewing board reversed the decision of the single member. It adopted the employee's version of the accident and the diagnosis of Dr. Carmody. It accepted the opinion of the latter that there was a causal connection between the brain injury from which the employee was suffering and the injury sustained when he was struck in the head by the coil of wire, which it found occurred in July, 1942. It found that notice of the injury was given seasonably by the employee after he had knowledge that the inflammation of the brain and the shrinking of its outer layer had its source in the injury of 1942. It also found that the employee sought and received suitable medical attendance; and that the insurer was not prejudiced by the late filing of the claim. The board found that the employee was entitled to compensation based on total incapacity, which on January 23, 1950, amounted to $4,500, and which it ordered paid.

The employee appealed from a decree of the Superior Court dismissing the claim.

There was great conflict in the evidence as to when the employee received the head injury. The written claim filed by the employee states that it was "on or about June," 1941. The personnel director and the plant's physician supported by their records testified that the employee was injured in June, 1941, and that his injuries were to his chest and ankle. Both denied that they saw the employee shortly after his alleged head injury of 1942. Both testified that they never knew of any head injury. The employee testified that he sustained a head injury in the fall of 1942, but the payroll records show he finally quit his employment during the week commencing August 1, 1942. The operator of the crane testified that the accident occurred in 1941 or 1942; "he does not know" but "he thought it was in 1942 but he is not sure." It was on this slender basis that the board found that the injury occurred in July of 1942. Doubtless the evidence would have supported a finding that the injury occurred in 1941 but it did not as matter of

law require such a finding. On an appeal, the finding of a
reviewing board is to be upheld where, as here, the finding
is not lacking in evidential support and is not vitiated by
any error of law. *Griffin's Case*, 315 Mass. 71. *Sawyer's
Case*, 315 Mass. 75. *Bajdek's Case*, 321 Mass. 325.

The testimony of Dr. Carmody that the injury to the
employee's brain was causally connected with the head in-
jury sustained by the employee was sufficient to support
the finding of the board that it was so related, even though
it was more or less uncertain when this physician first
learned of the head injury and notwithstanding the recital
in the hospital record that dizzy spells commenced two
years before his admission in 1947 and the further recital
that during World War I he was struck in the left side of
the head by a shell fragment with force enough to knock
him off a tractor. The employee denied that he had been
struck by any shell fragment. He was apparently in good
health prior to the injury of July, 1942. There was no
error of law in the acceptance by the board of the opinion
of Dr. Carmody. *Marlow v. Dike*, 269 Mass. 38, 40. *Dug-
gan's Case*, 315 Mass. 355, 358. *Josi's Case*, 324 Mass.
415, 417–419.

The statute, G. L. (Ter. Ed.) c. 152, § 41, provides that
"No proceedings for compensation for an injury shall be
maintained unless a notice thereof shall have been given to
the insurer or insured as soon as practicable after the hap-
pening thereof."; § 42 provides that "The said notice shall
be in writing"; and § 44 provides that "Want of notice shall
not bar proceedings, if it be shown that the insurer, insured
or agent had knowledge of the injury, or if it is found that
the insurer was not prejudiced . . . ."

On the matter of notice the board found "that notice of
injury was given seasonably by the employee after he had
knowledge that the condition from which he was suffering
was related to the injury of 1942." The written notice re-
quired by §§ 41, 42, is a condition precedent to the main-
tenance of a proceeding for an award of compensation. It
is an essential part of the employee's case, and the burden

of proof rests with him to show that such a notice has been given to the insurer or insured as soon as practicable after the occurrence of the injury. An oral notice is not sufficient. There are, however, two exceptions to the statutory provision barring proceedings where the written notice is lacking: one is where the employee proves that the insurer, insured or agent had knowledge of the injury, and the other is where the employee proves that the insurer was not prejudiced by the want of the written notice. *Murphy's Case*, 226 Mass. 60, 62. *Walkden's Case*, 237 Mass. 115, 117. *Kangas's Case*, 282 Mass. 155, 157–158.

The finding of the board that notice was given seasonably after the employee learned that his condition was related to the injury of 1942 cannot be sustained. There was no evidence that the employee ever gave any written notice of his injury. It was, therefore, necessary for the employee to show that the insurer, insured or agent had knowledge of the injury or that no prejudice resulted to the insurer from want of notice. There was conflicting evidence upon the question of knowledge. Whether the insurer was prejudiced presented a question of fact for the determination of the board. No finding was made as to either matter apparently because the board relied upon its erroneous finding that notice had been given by the employee as soon as practicable after the occurrence of the accident.

The failure to file a claim within the time prescribed by G. L. (Ter. Ed.) c. 152, § 41, does not bar proceedings "if it is found that the insurer was not prejudiced by the delay" (§ 49). Where the delay was a little over nine months it was said that "Ordinarily it might be expected that an insurer would suffer prejudice by so long a delay." *De Felippo's Case*, 245 Mass. 308, 310. Where an employee was injured on November 9, 1922, and filed a claim on March 11, 1930, and where he worked up to the time of the filing of the claim and the employer had knowledge of the injury and the physician furnished by the latter treated the employee for five weeks without any success, it was said that "It is hard to believe that a delay of over seven years

was not prejudicial to the insurer. But it cannot be ruled as matter of law that even this lapse of time between injury and filing of claim was necessarily prejudicial." *Gaffer's Case*, 279 Mass. 566, 568–569. While the burden was upon the employee to prove that the insurer was not prejudiced by the delay in filing his claim, that burden might be sustained by a warrantable inference from all the evidence without evidence specifically directed to and affirmatively indicating a want of prejudice. In the instant case, the crane operator was apparently the only witness to the accident. He gave a written statement to the insurer and he testified at the hearing. The personnel director and the plant's physician also testified. There is nothing to show that a full investigation by the insurer was hampered by the late filing of the claim. The particular finding by the board that the employee received suitable medical services cannot be said to be unsupported by the evidence and the general finding of the board that the insurer was not prejudiced by the filing of the claim late cannot be pronounced unwarranted as matter of law. That was a question of fact. It has been frequently decided that prejudice to the insurer has not resulted from the absence of a notice and delay in filing the claim. *Zabec's Case*, 302 Mass. 465. *Gustafson's Case*, 303 Mass. 397. *Wheaton's Case*, 310 Mass. 504. *Duggan's Case*, 315 Mass. 355. *Perrotta's Case*, 318 Mass. 737. *Watson's Case*, 322 Mass. 581.

The board should have decided the question of knowledge of the injury or the existence of prejudice. While it seems likely that if the insurer was not prejudiced by the late filing of the claim the same result would follow from a want of notice, it was also the duty of the board to decide that question of fact and not the function of this court. We think the proper course to follow is that adopted in *Coakley's Case*, 284 Mass. 559, 562, where there was no finding by the board on the issue as to prejudice arising from the absence of notice and where it was properly decided that no prejudice to the insurer resulted from a late filing of the claim. See *Evans's Case*, 299 Mass. 435; *Craddock's Case*, 310 Mass. 116.

The decree must be reversed and the case recommitted to the Industrial Accident Board to determine whether, as provided by § 44, the insurer, insured or agent had knowledge of the injury, or whether the insurer was prejudiced by want of notice.

*So ordered.*