ROBERT GOODALE'S CASE. January 4, 1968. The final decree appealed from by the insurer awarded the employee compensation and other benefits under G. L. c. 152 for total incapacity commencing March 5, 1961, and for total and permanent incapacity from December 31, 1965. G. L. c. 152, §§ 34, 34A, 35A, 50. At 6 A.M. on January 17, 1957, the employee fell into a grease pit at a garage where he had gone to get his employer's truck. The back of his head and neck were injured, accompanied and followed by certain symptoms. There was evidential support for the board's findings on each of the three issues contested by the insurer. *Paltsios's Case*, 329 Mass. 526, 528. *Brown's Case*, 334 Mass. 343, 346. 1. Notice. Evidence that on the day of the injury the employer took the employee to a doctor (who died in 1961 leaving no records of the case) for examination and treatment supported the finding that the employer had knowledge of the injury and that written notice was unnecessary. G. L. c. 152, §§ 41, 42, 44. *Berthiaume's Case*, 328 Mass. 186, 189, 190. 2. Causal connection. There was expert opinion testimony that the employee's fall injured his cervical spine, thereby aggravating and accelerating the advance of a preëxisting disease of the spinal cord called spondylosis and eventually producing paralysis of the arms and legs. 3. Late claim. Undisputed were the facts that the injury occurred on January 17, 1957, that spondylosis preëxisted, and that the incapacity was total and permanent. The crucial and controverted question of causation turned on expert opinion. Since the employee, the medical history and the hospital reports from 1958 were available to the insurer there was no loss of evidence for opinion purposes because of the delay in filing the claim. *Watson's Case*, 322 Mass. 581, 585. The finding of no prejudice to the insurer is therefore not lacking in evidential support. G. L. c. 152, § 49. Costs and expenses shall be allowed by the single justice.

*Decree affirmed.*

*Daniel A. Canning* for the insurer.
*Anthony D. Pompeo* for the employee.


RAPHAEL SEIBERG *vs.* LOUISE A. SEIBERG & another. January 4, 1968. The petitioner brought this petition against his former wife and his son seeking reconveyance to him and his former wife "as tenants by the entirety" of certain parcels of real estate from the son, who now has title to them, and seeking also an order to the son to pay over to the petitioner the proceeds of the sale of an additional parcel. He now appeals from a decree dismissing the petition. The probate judge filed a report of material facts and the evidence is reported. In these circumstances we apply the customary standards of review. *Lowell Bar Assn.* v. *Loeb*, 315 Mass. 176, 178. *Willett* v. *Willett*, 333 Mass. 323, 324. The judge found that following certain difficulties experienced by the petitioner he decided to transfer his interest in the various parcels to his wife because "he was very grateful for the manner in which she stood by him in his trouble and he wanted to do the right thing by her." Subsequently the petitioner joined in transfers of the parcels from his wife to the son. While he now contends that the parties intended an eventual reconveyance to him of his former interests in the real estate, the judge did not so find. We cannot say on a review of the evidence that he was plainly wrong.

*Decree affirmed.*

*Paul Resnick* for the petitioner.
*Clement McCarthy* (*Raymond J. Kenney, Jr.*, with him) for the respondents.