INTERSTATE ELECTRIC COMPANY,
and Home Insurance
Company, Plaintiffs,

v.

INDUSTRIAL COMMISSION of Utah
and Michael E. Inskeep, Defendants.

No. 15791.

Supreme Court of Utah.

Feb. 2, 1979.

William F. Hanson of Hanson, Russon, Hanson & Dunn, Salt Lake City, for plaintiffs.

Robert B. Hansen, Atty. Gen., Roger D. Sandack, Spec. Asst. Atty. Gen., Salt Lake City, for defendants.

WILKINS, Justice:

This is a review, under Section 83 of the Utah Workmen's Compensation Act, of an order by which the Utah Industrial Commission awarded compensation to Defendant Michael E. Inskeep and refused to reduce the amount of the award by 15% despite evidence that Mr. Inskeep failed to report the industrial accident within 48 hours after its occurrence. The statute on

which plaintiffs rely as the basis for their claim of right to reduction of the award is Section 35–1–99, U.C.A.1953, as amended:

> When an employee claiming to have suffered an injury in the service of his employer *fails to give notice to his employer* of the time and place where the accident and injury occurred, and of the nature of the same, *within forty-eight hours,* when possible, or fails to report for medical treatment within said time, *the compensation provided for herein shall be reduced fifteen per cent*; provided, that knowledge of such injury obtained from any source on the part of such employer, his managing agent, superintendent, foreman or other person in authority, or knowledge of any assertion by the injured sufficient to afford an opportunity to the employer to make an investigation into the facts and to provide medical treatment shall be equivalent to such notice; *and no defect or inaccuracy therein shall subject the claimant to such reduction, if there was no intention to mislead or prejudice the employer in making his defense,* and the employer was not, in fact, so misled or prejudiced thereby. . . . [Emphasis added.]

■ We construe the phrase "defect or inaccuracy" in the notice to include delay in giving it. That construction is consistent with the authorities herein cited and with the principle that compensation acts should be liberally interpreted to accomplish their beneficent purpose. The evidence shows and the Commission's findings reflect that Inskeep strained his back when his foot slipped off a rung while he was climbing a ladder. Having a history of low back symptoms, he believed he would recover from the effects of the strain after two or three days if he was careful. He told three of his co-workers about the incident on the day it happened, but he did not report the incident to his supervisor as an accident. He undertook to treat himself by taking aspirin and following an exercise regimen prescribed by a physician who had previously treated him

for similar back symptoms. When the symptoms had persisted for three days, he made an appointment with an orthopedic specialist and gave notice of the circumstances to his employer.

Plaintiffs contend that, under the quoted statute, Defendant Inskeep had the burden of proof that (1) he had no intent to prejudice his employer in investigating the claim or providing adequate medical attention, and (2) his employer was not in fact prejudiced in investigating the claim or insuring adequate treatment. There is little evidence which pertains directly to those issues, and plaintiffs argue that Inskeep did not satisfy his burden of proof.

■ The statute in question is typical of compensation acts throughout the country, and its concept has been the subject of considerable judicial and text comment. Plaintiffs cite and rely on American Jurisprudence as authority for their "burden of proof" position,[1] but it is noted that that text itself also states in substance what we regard as the better considered view that when it can reasonably be inferred from the evidence that the employer has not been prejudiced, the burden shifts to the employer to show that he was in fact prejudiced by the lack of notice.

■ Whether there was prejudice from the failure to give notice is a question of fact for the Commission to determine from the evidence and reasonable inferences to be drawn therefrom. On the basis of the evidence recited herein, the Commission could reasonably refuse to believe that there was any such prejudice. How earlier notice could have aided investigation is not apparent from the record. The obvious procedures of investigation would have been interviews with Inskeep and his co-workers and, perhaps, examination of the ladder. Those channels of investigation were not closed by the delay. Similarly, the record reveals no basis for suspicion that Inskeep's self-treatment contributed to his disability. Certainly, the medical panel findings pro-

---

1. 82 Am.Jur.2d 220, Workmen's Compensation Sec. 456. And see *Zabec's* case, 302 Mass. 465,

19 N.E.2d 692 (1939); *Buckner v. Quick Seal, Inc.*, 233 Mo.App. 273, 118 S.W.2d 100 (1938).

vide no grounds for such suspicion. As soon as the seriousness of the problem was recognized, competent medical attention was obtained.

■ Larson [2] treats this subject extensively in Sections 78.31 through 78.41 of his treatise and cites abundant case authority for the proposition that a claimant who has delayed reporting his accident beyond the statutory time meets the burden of proof imposed by the statute by showing reasonable excuse for his failure to report. Reasonable excuse includes a showing that the claimant, as a reasonable man, did not recognize the seriousness or compensable character of his injury until after the statutory notice time had passed. Larson's summary statement on the point is:

> The usual statute merely dates the period from the time of injury, disability, or accident, saying nothing about time of discovery of the nature of the condition. Yet the great majority of the courts have been sufficiently impressed with the acute unfairness of a literal application of this language to read in an implied condition suspending the running of the statute until by reasonable care and diligence it is discoverable and apparent that a compensable injury has been sustained.

The Commission's findings and conclusions relevant to its refusing the 15% reduction are supported by the evidence. The Commission's action is consistent with the spirit of the statute, and the order appealed from is affirmed.

CROCKETT, C. J., and MAUGHAN, HALL and STEWART, JJ., concur.

---

2. Larson's Workmen's Compensation Law, Volume 3 (1953 edition and 1978 Supp.).