Berle M. ROBINSON, Appellant,

v.

DEPARTMENT OF TRANSPORTATION, the State of Iowa, and the Iowa Workers' Compensation Service and/or Iowa Industrial Commissioner, Appellees.

No. 64613.

Supreme Court of Iowa.

Sept. 17, 1980.

Rehearing Denied Oct. 9, 1980.

John R. Ward of Hedberg, Brick, Tan, Pratt & Ward, Des Moines, for appellant.

Thomas A. Evans, Jr., Asst. Atty. Gen., for appellees.

Considered by REYNOLDSON, C. J., and LeGRAND, HARRIS, McCORMICK and LARSON, JJ.

McCORMICK, Justice.

The question here is whether the notice of claim requirements of § 85.23, The Code 1975, were satisfied in this workers' compensation case. The industrial commissioner denied benefits after finding that the employer did not have actual knowledge or timely notice of the injury within the ninety–day period provided in the statute. Upon petition for further review the district court affirmed the commissioner. We affirm the district court.

It is undisputed that claimant Berle M. Robinson suffered a heart attack on February 14, 1976, while at home on a Saturday. He was employed as a right–of–way agent for the Department of Transportation (DOT) and had spent a stressful week handling relocation assistance problems relating to a controversial Cedar Rapids airport expansion project. Although he was hospitalized for the heart attack and disabled from working, he did not notify the DOT that he claimed the injury was work–connected until he filed a petition for arbitration almost two years later on February 13, 1978. Nevertheless, he contends section 85.23 was satisfied on two bases. He alleges the DOT had actual knowledge of the injury within ninety days of its occurrence, and he asserts he filed his petition for arbitration within ninety days of discovering the compensable nature of the injury. In seeking reversal, claimant contends the commissioner's denial of compensation on each basis was affected by an error of law and unsupported by substantial evidence when the record is viewed as a whole. *See* § 17A.19(8)(e), (f).

In material part, section 85.23, The Code 1975, provided that no compensation would be allowed unless actual knowledge of the occurrence be obtained or notice of the injury be given to the employer "within ninety days after the occurrence of the injury." Essentially the same limitation appears in section 85.23 of the present Code.

I. *The actual knowledge issue.* DOT representatives knew of claimant's heart attack within two days after it happened. However, the commissioner found no evidence showing the employer knew the heart attack was work–related until the arbitration petition was filed almost two years later. Claimant contends that if the commissioner applied the correct legal standard, he would have been compelled to find the DOT had actual knowledge of the injury within the limitations period.

■ This contention presents an issue which was reserved in *Farmers Elevator Co. v. Manning*, 286 N.W.2d 174, 179–80 (Iowa 1979). That issue is whether an employer's actual knowledge under section 85.-23 must include some information that the injury is work–connected. If it does not, then the statute was satisfied in the present case by the admitted fact that the DOT knew of claimant's heart attack within the ninety–day period. A heart injury is compensable as an injury under our statute. *Sondag v. Ferris Hardware*, 220 N.W.2d 903, 905 (Iowa 1974).

■ Section 85.23 does not expressly require any information in addition to knowledge of the injury to satisfy the actual knowledge prong of the statute. Furthermore, we cannot defeat the beneficent purpose of the workers' compensation statute by reading something into it which is not there. *Cedar Rapids Community School v. Cady*, 278 N.W.2d 298, 299 (Iowa 1979). In seeking the meaning of a statute, however, we must consider its entirety rather than only one portion and must give it a construction which does not make any part superfluous. *Iowa Department of Transportation v. Nebraska–Iowa Supply Co.*, 272 N.W.2d 6, 11 (Iowa 1978).

■ As a result, the actual knowledge provision of section 85.23 cannot be construed in isolation from the alternative requirement of notice. Obviously the notice requirement cannot be satisfied without an allegation that the injury was work–connected. Section 85.24 provides a form of notice which not only includes information about the injury but "that compensation will be claimed therefor." The provision includes a summary of what a notice must contain: "No variation from this form of notice shall be material if the notice is sufficient to advise the employer that a certain employee, by name, received an injury *in the course of his employment* on or about a specified time, at or near a certain place." (emphasis supplied). If the actual knowledge requirement were satisfied without any information that the injury might be work–connected, it should not be necessary to allege the injury was work–connected when giving the statutory notice. In fact, however, it is necessary to allege the injury was work–connected when giving notice. It logically follows that the actual knowledge alternative is not satisfied unless the employer has information putting him on notice that the injury may be work–related.

The purpose of section 85.23 is to alert the employer to the possibility of a claim so that an investigation of the facts can be made while the information is fresh. *See Knipe v. Skelgas Co.*, 229 Iowa 740, 748, 294

N.W. 880, 884 (1941). In view of this purpose, it is reasonable to believe the actual knowledge alternative must include information that the injury might be work–connected.

This is the meaning which has been given the actual knowledge requirement under similar statutes in other jurisdictions. *See, e. g., Bollerer v. Elenberger*, 50 N.J. 428, 432, 236 A.2d 138, 140 (1967) ("The test is whether a reasonably conscientious employer had grounds to suspect the possibility of a potential compensation claim."). The principle is stated in 3 A. Larson, Workmen's Compensation § 78.31(a), at 15–39 to 15–44 (1976):

> It is not enough, however, that the employer through his representatives, be aware [of claimant's malady]. There must in addition be some knowledge of accompanying facts connecting the injury or illness with the employment, and indicating to a reasonably conscientious manager that the case might involve a potential compensation claim.

We hold that this principle applies to the actual knowledge provision of section 85.23.

This construction of the actual knowledge provision was followed by the commissioner in this case. Based on the evidence, he held actual knowledge was not proven. Therefore claimant has not shown the commissioner applied an incorrect principle of law in holding that the DOT did not have actual knowledge of the injury. The denial of benefits was not affected by error of law in this respect.

■ Nor was the commissioner's decision unsupported by substantial evidence when the record before him is viewed as a whole. The DOT was aware of claimant's history of heart problems. The employer also knew that claimant's job involved stressful confrontations, that he had such a confrontation with an attorney on the afternoon before his heart attack, and that he was upset by that meeting. However, the employer did not know that he started having chest pains that afternoon and that he took nitroglycerin tablets in an unsuccessful effort to ease the pain.

■ The issue is not whether the evidence would have supported a finding of actual knowledge. We assume, without deciding, that it would have. *See, e. g., Rowton v. Rainbo Baking Co.*, 189 Kan. 74, 366 P.2d 796 (1961). The issue is whether the evidence was so overwhelming that the commissioner was compelled to find actual knowledge as a matter of law. *See Blacksmith v. All–American, Inc.*, 290 N.W.2d 348, 354 (1980). Because reasonable persons could reach different conclusions from the evidence, we are unable to hold that actual knowledge was proven as a matter of law.

The district court did not err in refusing to upset the commissioner's decision on this ground.

■ II. *The notice issue.* Claimant contends his February 13, 1978, notice of injury was timely under section 85.23 because it was given on the very date that he first learned of the injury's possible compensability. In *Jacques v. Farmers Lumber & Supply Co.*, 242 Iowa 548, 47 N.W.2d 236 (1951), we applied the discovery rule to section 85.23. In so doing, we followed the reasoning of *Wheaton's Case*, 310 Mass. 504, 506, 38 N.E.2d 617, 619 (1941), where the court held an employee had a duty to furnish notice after he had "knowledge of the particulars that the notice should contain." The Massachusetts court added:

> He could not be expected to give a notice of the cause of the injury, the nature of which might be entirely due to disease, until, acting reasonably in search of the cause of his disability, he learns that he has sustained an injury that probably arose out of and in the course of his employment.

*Id.* Substantially the same statement of the discovery rule appears in 3 A. Larson, *supra*, § 78.41 at 15–65 to 15–66: "The time period for notice or claim does not begin to run until the claimant, as a reasonable man, should recognize the nature, seriousness and probable compensable character of his injury or disease." This statement accurately delineates when the employee's duty to give notice arises. The reasonableness of the claimant's conduct is to be judged in the light of his own education and intelligence. He must know enough about the injury or disease to realize it is both serious and work–connected, but positive medical information is unnecessary if he has information from any source which puts him on notice of its probable compensability. *Id.* at 15–92 to 15–103. *See Lewis v. Chrysler Corp.*, 394 Mich. 360, 230 N.W.2d 538 (1975).

This standard was quoted and applied by the commissioner in the present case. Therefore claimant has not shown the commissioner's conclusion that the notice was not timely was affected by an error of law.

■ In holding the notice was not timely, the commissioner found claimant knew of the work–related nature of his heart attack when he entered the hospital. He based this finding on claimant's testimony that be believed at that time his heart attack had been caused by his job. There was evidence from which the commissioner could have found otherwise. Approximately four months after the heart attack, claimant filed a private insurance claim in which both he and his physician asserted the attack was not work–related. Moreover, as soon as claimant's attorney advised him in February 1978 that his injury was probably compensable, he gave prompt notice.

However, the issue of claimant's knowledge was one of fact for the commissioner. Because his finding is supported by substantial evidence under the whole record, we are bound by it. *See Smith v. Kelsey–Hayes Co.*, 404 Mich. 70, 75, 273 N.W.2d 1, 2 (1978).

The district court did not err in upholding the commissioner's holding on the notice issue. Neither basis for reversal has been established.

AFFIRMED.