Clifford L. DILLINGER, Appellee,

v.

CITY OF SIOUX CITY, Iowa, Appellant.

No. 84–739.

Supreme Court of Iowa.

May 22, 1985.

James Abshier, City Atty., and M. James Daley, Asst. City Atty., for appellant.

Joe Cosgrove of Yaneff & Cosgrove, Sioux City, for appellee.

Considered by McCORMICK, P.J., and McGIVERIN, SCHULTZ, CARTER and WOLLE, JJ.

SCHULTZ, Justice.

This appeal from judicial review of a workers' compensation determination involves issues concerning the requirement of providing 90-days notice to an employer and the commencement date of the two-year limitation period in a contested case pursuant to Iowa Code sections 85.23 and 85.26 (1975), respectively. This is the parties' second appeal to this court. In 1981 by a per curiam opinion, *Dillinger v. City of Sioux City*, 311 N.W.2d 117 (Iowa 1981), we reversed the district court's affirmance of the Industrial Commissioner's denial of benefits based on failure of the employee to commence proceedings within two years of his accident in 1975. We remanded to the agency for an evidentiary hearing and decision in light of our ruling in *Orr v. Lewis Central School District*, 298 N.W.2d 256 (Iowa 1980), which involved the applicability of the discovery rule to the limitation period in section 85.26. On remand the Commissioner determined the proceeding was filed in a timely manner because the employee did not discover his injury until 1977. The Commissioner denied benefits, however, because the employee did not give the employer a notice of injury within 90 days from the discovery of his injury. On judicial review the district court reversed the agency, holding that the employer had actual notice of the occurrence of the injury on the date of the accident in 1975 which satisfied section 85.23. We affirm.

On October 8, 1975, Clifford L. Dillinger (employee) gave his employer a first report of injury stating that his lower back was injured on that date when he fell while he was in the course of his employment. He did not leave work or seek medical attention in 1975, however. In a petition filed with the Industrial Commissioner on April 3, 1978, the employee claimed that his injury did not become manifest until December 1977 despite diligence on his part.

Prior to his fall in October of 1975, the employee had a history of lower back problems. In March 1973, while employed as a meterman in the city's water department, the employee injured his back while lifting. He checked into a Veteran's Administration hospital for treatment of lower back pain for a period of two weeks. After discharge his back problems persisted, and on April 29 he again was admitted to the hospital. His diagnosis was degenerative intervertebral disc disease. Removal of the ruptured disc was suggested, but he did not follow the suggestion and returned to work in June. Some workers' compensation benefits were paid by the employer for medical expenses and the disability. The employee testified he had back problems from time to time until he fell in 1975.

The employee testified his back hurt for two or three days after the 1975 fall. The pain then subsided. Although he filed the injury report on the date of the fall describing his fall into a pit when a ladder gave way, he continued to work and did not seek treatment. He testified that his back pains persisted, but he continued to work until the pain forced him to terminate his employment in April 1977.

A subsequent application for social security disability benefits by the employee led to surgery on his back. Although he was denied benefits, he sought the aid of the physician who had examined him. On December 7, 1977, surgery was performed on the employee's back removing a herniated disc and fusing a vertebra to the sacrum. The physician opined that the 1975 fall into the pit aggravated the preexisting back condition.

After his surgery, the employee sought the aid of an attorney. The attorney contacted the employer in the latter part of March 1978 and filed a petition with the Iowa Industrial Commissioner on April 3. As previously indicated, we reversed the first denial of his benefits.

On remand, a deputy industrial commissioner allowed the employer to amend his answer to raise a defense pursuant to section 85.23 over the employee's objection. After a further evidentiary hearing, the deputy commissioner found that the employee discovered his injury no later than April 1977. The deputy commissioner concluded the proceedings were commenced in a timely fashion under section 85.26 and that the employee gave timely notice under section 85.23. On review, the Commissioner disagreed with the deputy commissioner's conclusion concerning the notice required by section 85.23; he found that the "point at which the two-year limitation of actions period and the 90-days notice period begin to accrue must coincide as the date at which plaintiff first knew the nature, seriousness and probable compensability of his back condition." On judicial review the district court disagreed with the Commissioner's interpretation and remanded the matter to the Commission for a determination of benefits.

The employer raises two alternate complaints. First, it maintains the court should not have overturned the agency determination of the employee's noncompliance with the notice requirements of section 85.23. In the alternative it claims that the district court should have allowed it to challenge the Commissioner's ruling in regard to section 85.26. Due to our holding we need not address the employee's contention that the agency erred in allowing the employer to amend its defense on remand.

I. *Notice under section 85.23.* In pertinent part, section 85.23 requires the employee to give the employer notice within 90 days after the occurrence of the injury "unless the employer or his representative shall have actual knowledge of the occurrence of an injury." Consequently, an employee who fails to give a timely notice may still avoid the sanction of section 85.23 if the employer had "actual knowledge of the occurrence of the injury." The discovery rule delays the commencement of a limitation period, for bringing a cause of action or for giving notice, until the injured person has in fact discovered his injury or by exercise of reasonable diligence should have discovered it. *Orr*, 298 N.W.2d at 257.

The Commissioner held that the employee's claim was barred by his failure to give timely notice under section 85.23 after he discovered the compensable nature of his injury. However, the Commissioner found that the employee filed an accident report with the employer on the date the accidental injury actually occurred, October 8, 1975. Citing *Robinson v. Department of Transportation*, 296 N.W.2d 809 (Iowa 1980), and *Orr*, 298 N.W.2d 256, the Commissioner pointed out that upon application of our discovery rule the limitation period did not begin to run against the employee until the claimant recognized the nature, seriousness and probable compensable character of his injury. He concluded that the time period of discovery under sections 85.23 and 85.26 must coincide. The Com-

missioner reasoned that the employer, like the employee, should not be charged with knowledge of a potential claim on October 8, 1975, "especially in view of the fact that claimant continued to read water meters for 18 months." On judicial review the district court concluded that the Commissioner erroneously interpreted section 85.23 by requiring a second notice be given an employer when the employee had actual knowledge of the occurrence of the injury.

On appeal the employer urges that the district court inappropriately held the employer to one standard in determining that it had actual knowledge of the occurrence of the injury under section 85.23 from the written notice in 1975, but applied a different standard to the employee in applying the discovery rule to the section 85.26 limitation period. The employer further contends that the district court ruling permits gross unfairness by imputing knowledge of an alleged injury which has not yet occurred within the meaning of the workers' compensation statute to the employer while allowing the employee to "discover" the injury over two years from the original accident. As applied to the unusual and limited fact situation before us, we must decide whether the employee's act of giving notice of injury to the employer on the date of its actual occurrence binds the employer to the actual knowledge provision of section 85.23, but still allows the employee to avail himself of the application of the discovery rule to avoid commencement of the limitation period under section 85.26.

The workers' compensation law should be liberally construed to accomplish the object and purpose of the legislation: to benefit the worker and his dependents. *Orr*, 298 N.W.2d at 261; *Jacques v. Farmers Lumber & Supply Co.*, 242 Iowa 548, 551, 47 N.W.2d 236, 238 (1951). We have applied the discovery rule to the notice provision · of section 85.23 because, "it would defeat the very purpose of the workmen's [workers'] compensation law to first hold a disease an injury and therefore compensable and then hold the occurrence of the injury could be before the workman discovered the disease." *Jacques*, 242

Iowa at 554, 47 N.W.2d at 240. Therefore, the discovery rule has been applied to section 85.23 for the employee's benefit to satisfy the purposes of the workers' compensation law.

■ While the discovery rule aids the employee by preventing the limitation period from commencing until the claimant knows of his injury and its *probable compensable nature, Orr*, 298 N.W.2d at 261 (emphasis added), the notice requirement of section 85.23 protects the employer by insuring he is alerted "to the *possibility of a claim* so that an investigation can be made while the information is fresh," *Robinson*, 296 N.W.2d at 811 (emphasis added). Because the discovery rule is based upon entirely different purposes and reasoning than the notice requirement, the same set of facts may provide for a different result under sections 85.23 and 85.26. At a time when the employee did not know the probable compensable nature of his injury, allowing him to later utilize the discovery rule to delay the commencement of the section 85.-26 limitation period, the employer may have actual knowledge under section 85.23 of the reasonable possibility of a claim.

■ We conclude that the Commissioner erred in determining that an employer should not be charged with actual knowledge of a potential claim when an employee successfully avails himself of the discovery rule. An employee may provide information to an employer which would satisfy the actual knowledge notice requirement without at the same time nullifying his right to the benefits of the discovery rule.

■ The employer next argues that under our case law the injury does not occur until the employee discovers the injury, which in this case occurred in 1977, thus, the Commissioner was correct in requiring notice after discovery. We cannot agree with this assertion. In applying the discovery rule we have found that the injury occurs when the employee discovers the injury, *see Orr*, 298 N.W.2d at 261, and section 85.23 does not require notice be given if the employer has actual "knowl-

edge of the occurrence of an injury." For the purposes of the statute of limitations, the injury occurs upon discovery. However, we conclude that the actual knowledge notice provision of section 85.23 also includes any actual knowledge an employer has of the reasonable possibility of a claim before the date of discovery.

■ Additionally, the employer asserts there is an adequate basis for the Commissioner's factual determination regarding the "discovery" of the claimant's injury for limitation purposes. The Commissioner indicated that for the employer to be charged with actual knowledge, the employee must prove that the employer had some knowledge of facts which connect the claimant's injury with his employment. The Commissioner commented that the claims investigator for the employer had testified he did not receive any notice of an injury and potential workers' compensation claim with regard to the October 8, 1975, accident until March 15, 1978, and this testimony is unrebutted. We assume that the Commissioner held that the employer did not have actual knowledge of the injury until 1977 and conclude that this was reversible error under the provisions of subsection 17A.19(8)(f) as an action "unsupported by substantial evidence in the record made before the agency when that record is viewed as a whole." We believe that the evidence is indisputable that the employer had actual knowledge of the reasonable possibility of an injury that was work-connected.

On the date the action occurred, the employee filed a written form with the city's compensation adjuster. This form told the employer that: "while climbing into a pit to read watermeters, the wooden ladder gave way and I fell to the bottom of the pit. The round of the ladder broke." The form indicates that the action occurred at 11:30 a.m. and that the employer was notified at 4:00 p.m. The following language was used to describe the injury: "Lower back was injured, extreme lower back caused pain remainder of the day." The employer knew about the employee's back injury and

was given sufficient information to be alerted to the possibility of a claim so that an investigation of the facts could be made while the information was fresh. Thus, the purpose of section 85.23 was satisfied.

II. *Notice under section 85.26.* The employer's second contention of error involves the district court's failure to address the Commissioner's ruling that the employee did not discover his injury until 1977; therefore, the proceeding was not barred by operation of section 85.26. This issue was raised in a rather unusual manner by the employer. After the employee filed a petition for judicial review, the employer in one pleading filed an answer and a petition for judicial review. In its answer the employer asserted the Commissioner was correct in its ruling. In that portion of the pleading which was designated petition for judicial review, the employer claimed that the Commissioner erred when he applied the discovery rule and failed to bar the employee's suit under section 85.26. The district court sustained the employee's motion to strike the portion of the pleading referred to as the petition for judicial review on the basis that the employer was not an aggrieved or adversely affected party. Thus, it was not entitled to judicial review under section 17A.19. The court noted that the employer "at the present time" has not had any interest specially and injuriously affected by the appeal decision.

The employer now argues that the district court ruling on the motion to strike resulted in the employee having the right to judicial review on one portion of the agency decision while the employer was denied the right to appeal a related issue. The employee, on the other hand, asserts that if the employer is entitled to any relief, we should affirm the ruling and remand to the district court for review of that portion of the agency decision adverse to the employer, the section 85.26 defense.

■ When the employee appealed, the employer was presented with a dilemma. Naturally it wanted to preserve its claim of error on that portion of the ruling pertain-

ing to section 85.26 for consideration in the event the district court overruled the portion of the ruling concerning section 85.23. The substance of the employer's petition for judicial review was simply the defense that, if the Commissioner was wrong in ruling there was a bar under section 85.23, he was also wrong when he applied the discovery rule to section 85.26. Therefore, he was right for the wrong reason. We hold that the district court should have looked beyond the form of the employer's contentions to the substance and should have considered its claim concerning section 85.26. The decisions of the district court are at law; remand is not necessary because we can correct any error at law.

In Division I we extensively discussed the application of the discovery rule to chapter 85, comparing it with the principles of the notice requirement. Although the employer contends that the Commissioner's decision was in violation of statutory provisions, was affected by errors of law and was unreasonable, arbitrary and capricious, we find no allegations in the petition which specifically point to these contentions. Further, we conclude that we have considered these claims in arriving at our decision in division I. One viable issue remains—whether the decision was supported by substantial evidence.

■■■■ Our scope of review, and that of the district court, is limited by sections 17A.19 and 17A.20. We must affirm the agency on a fact-finding unless it is unsupported by substantial evidence. § 17A.19(8)(f). The Industrial Commissioner's findings in a workers' compensation case have the effect of a jury verdict and will be broadly applied to uphold the decision. *Beier Glass Co. v. Brundige*, 329 N.W.2d 280, 282 (Iowa 1983). Evidence is substantial when reasonable minds would accept it as sufficient to support the conclusions drawn. *King v. Iowa Civil Rights Commission*, 334 N.W.2d 598, 602 (Iowa 1983).

■■■■ The Commissioner found that the employee did not discover the nature, seriousness and probable compensability of his injury until after April 3, 1976, a date two years before his suit was filed. The Commissioner stated:

> Given the fact that many of the symptoms claimant exhibited following the October 8, 1975, accident were identical to those which had existed since his mishap in 1973, and further, that he was able to continue working until April of 1977, it is reasonable that claimant did not become aware of the nature, seriousness and compensability of his back injury until a point sometime after April 3, 1976.

Substantial evidence supports this conclusion. Claimant had a back injury in 1973 which hurt from time to time until he fell into the pit. He recalled that his back hurt for two or three days. The pain subsided, and he continued to work. The finder of fact could determine that the employee, as a reasonable person, did not recognize the nature, seriousness and probable compensable characteristics of his injury or disease until within two years of the commencement of his proceedings. Whether the employee possessed such knowledge the day he reported the accident is an issue of fact. The Commissioner decided he did not; we do not interfere with that decision.

The decision of the district court is affirmed. Accordingly, we remand this action to the Commissioner for a determination of benefits.

AFFIRMED AND REMANDED.