Steven JOHNSON, Appellant,

v.

**INTERNATIONAL PAPER COMPANY, Appellee.**

**No. 94–356.**

Court of Appeals of Iowa.

Feb. 28, 1995.

Joseph M. Barron and Stephen W. Spencer of Peddicord, Wharton, Thune & Spencer, Des Moines, for appellant.

Vicki L. Seeck and Greg A. Egbers of Betty, Neuman & McMahon, Davenport, for appellee.

Heard by HAYDEN, P.J., and SACKETT and HUITINK, JJ.

HUITINK, Judge.

Steven Johnson appeals a district court order affirming the industrial commissioner's decision denying him workers' compensation benefits. We affirm.

Johnson was employed at International Paper Company (International) in Clinton, Iowa. On March 20, 1990, Johnson left work early due to pain in his legs. He has undergone vein stripping surgery since that time and has not returned to work. He gave written notice of his injury to International on August 14, 1990.

On November 15, 1990, Johnson filed for workers' compensation benefits. He alleged "prolonged standing to perform [his] job duties caused severe venous insufficiency and varicosities or aggravated preexisting condition." Johnson claimed he had a total disability.

The deputy industrial commissioner denied Johnson workers' compensation benefits because Johnson failed to furnish the statutorily required notice of a work-related injury to International within ninety days of the injury. This decision was affirmed by the industrial commissioner. On judicial review, the district court affirmed the denial of benefits based on Johnson's failure to notify his employer of his injury.

Our review of the district court's decision is limited to corrections of errors at law. *Roberts v. Iowa Dep't of Job Serv.*, 356 N.W.2d 218, 221 (Iowa 1984). We, like the district court, are bound by the agency's fact findings if those findings are supported by substantial evidence. Iowa Code § 17A.19(8)(f) (1993). Evidence is substantial if a reasonable person would find it adequate for reaching a decision. *Peoples Memorial Hosp. v. Iowa Civil Rights Comm'n,* 322 N.W.2d 87, 91 (Iowa 1982).

We review the district court's decision on the validity of an agency action to determine only whether the court correctly applied the law. *Henry v. Iowa Dep't of Transp. M.V.D.,* 426 N.W.2d 383, 385 (Iowa 1988). We apply the standards of section 17A.19(8) to determine whether our conclusions are the same as those of the district court. *Id.*

Johnson contends on the day he left work he told his supervisor he was experiencing leg pain from standing and had to go home. He claims this constituted actual

knowledge on the part of International which satisfied the notice requirement as a matter of law. We disagree.

■ Iowa Code section 85.23 (1993) provides that an employee give notice to his or her employer within ninety days from the date of the occurrence of an injury before a claim for benefits may be filed. However, where the employer or the employer's representative has actual knowledge of the occurrence, notice from the employee to the employer is not required. *Robinson v. Dep't of Transportation*, 296 N.W.2d 809, 811 (Iowa 1980) (citation omitted).

■ The purpose of the notice provision is to enable the employer to investigate the facts relating to the injury while the information is fresh. *Id.* Actual knowledge must include information that the injury might be work-connected. *Id.* It requires *more* than the fact that the employer was aware of an employee's illness. *Id.* (emphasis added).

In *Dillinger v. City of Sioux City*, 368 N.W.2d 176 (Iowa 1985), our supreme court concluded the actual knowledge notice provision required an employer to have "actual knowledge of the reasonable possibility of an injury" that was work-connected. *Id.* at 181. In *Dillinger* the employee filed a written incident report with his employer of the date of the accident. The incident report contained sufficient information to alert the employer to the possibility of a claim so that an investigation of the facts could be made while the information was still fresh. The filing of this report, the court held, gave the employer actual knowledge of the reasonable possibility of an injury. *Id.*

In the present case the deputy commissioner determined that International, through its supervisor Dennis Till, knew only that Johnson's leg was hurting and that he wanted to go home. Till stated he would have filled out an accident report and directed Johnson to go to the nurse who was on duty at the time if he would have believed Johnson's injury was work-related at the time. Johnson did not fill out an accident report and did not see the plant nurse before leaving work on March 20. The deputy also determined Till's testimony was corroborated by the plant nurse, who testified Johnson never complained about the injury to her, and the personnel secretary, who testified Johnson did not inform her of any work-related problem.

The deputy made a finding of fact that Johnson failed to give the required statutory notice of a work-connected injury. This finding is supported by substantial evidence and we are bound by it. Iowa Code § 17A.19(8)(f) (1993). The deputy also concluded:

> The fact that some seemingly innocuous employment activity produces discomfort or some other symptoms does not necessarily give the employer actual knowledge or actual notice of a work place injury or that the condition is work related.

The commissioner therefore determined International had no reason to believe Johnson's malady was work-related prior to the time it received the letter in August.

This case is distinguishable from *Dillinger* in that nothing in the record shows International had actual knowledge of a reasonable possibility of a work-connected injury. A statement to an employer that an employee is ill, without more, does not satisfy the actual knowledge requirement of Iowa Code section 85.23.

After our limited review, we determine the district court was correct in affirming the decision of the industrial commissioner denying Johnson worker's compensation benefits. The district court is affirmed. Costs of this appeal are assessed to Johnson.

**AFFIRMED.**