# IN THE COURT OF APPEALS OF IOWA

No. 16-0787
Filed January 11, 2017

**HAZEL MAE ROSS,**
　　　　Petitioner-Appellant,

**vs.**

**AMERICAN ORDNANCE and**
**NEW HAMPSHIRE INSURANCE COMPANY,**
　　　　Respondents-Appellees.
_____

　　　　Appeal from the Iowa District Court for Polk County, Robert B. Hanson,

Judge.


　　　　Petitioner appeals the district court decision affirming the workers'

compensation commissioner's denial of benefits. **AFFIRMED.**



　　　　Nicholas G. Pothitakis of Pothitakis Law Firm, P.C., Burlington, for

appellant.

　　　　Jean Z. Dickson and Jessica C. Pollmeier of Betty, Neuman & McMahon,

P.L.C., Davenport, for appellees.



　　　　Considered by Danilson, C.J., and Mullins and Bower, JJ.

**BOWER, Judge.**

Hazel Ross appeals the district court decision affirming the workers' compensation commissioner's denial of benefits. We find there is sufficient evidence in the record to support the commissioner's determination Ross did not give adequate notice of her injury to her employer within ninety days, as required by Iowa Code section 85.23 (2013), and the ninety-day period was not tolled due to the discovery rule. We affirm the decision of the district court.

## I. Background Facts & Proceedings

On or about November 1, 2012, while working at American Ordnance, Ross told her supervisor, Scott Wilson, she hurt her shoulder. Wilson asked if she wanted him to call an ambulance or if she wanted to see a doctor, but Ross declined, stating she did not think she was "hurt that bad." Wilson did not fill out an injury report. Ross later stated she injured her right shoulder that day when a box started to fall off the line and she grabbed it to keep it from falling.

Ross continued to have problems with her shoulder. She saw Dr. Atiba Jackson, two months later, on January 11, 2013, and received a cortisone injection. After a discussion with her foreman, Dino Ganakes, an incident report about the November 1, 2012 injury was made on March 14, 2013. Ross was diagnosed with a torn rotator cuff. Dr. Theron Jameson performed surgery on her right shoulder on July 17, 2013.

On June 17, 2013, Ross filed a petition requesting workers' compensation benefits. The employer claimed Ross did not give timely notice, as required by section 85.23. In a deposition, held on September 24, 2013, Ross testified she told Wilson, "I hurt my shoulder." At the administrative hearing, held on May 28,

2014, Ross testified she told Wilson, "Scott, a box has fallen, I hurt my shoulder." Wilson testified Ross told him, "Hey, Scott, my shoulder hurts a little bit." When Wilson asked if she was all right, Ross said, "It's just really sore." Wilson stated he "didn't know for sure" whether Ross meant her injury was related to her work activities. During this same conversation Ross reportedly said that she suffered from arthritis and would need to get a prescription refilled. Wilson did not ask Ross whether she was injured while performing her job.

The deputy workers' compensation commissioner found:

> [Ross] told her supervisor that her shoulder was hurting, but she did not tell him that it was related to her employment. The circumstance of the report was not sufficient to tell Mr. Wilson or her employer that the shoulder problem was work related. It is not enough for [Ross] to simply tell her supervisor that she has pain; she needs to tell the employer that she thinks that it is connected to her job, at least in some fashion that would alert the employer that they needed to investigate the work injury. [Ross] did not do that, and thus her claim must fail.

Ross requested a rehearing, claiming the deputy failed to address whether the discovery rule extended the time for her to report her injury. The deputy determined, "The discovery rule is not applicable here because the claimant testified that she told her supervisor about the injury the day it occurred. As such, she cannot contend that she only later discovered the injury."

Ross appealed the decision of the deputy. The workers' compensation commissioner found:

> [Ross]'s discussion with Mr. Wilson on the day she was injured was not sufficient to tell Mr. Wilson, or defendant-employer, that her shoulder problem was work-related. It was not enough for [Ross] to simply tell her supervisor she had shoulder pain. [Ross] needed to tell the employer she thought her shoulder problem was related to her job. [Ross] needed to alert the employer that it was necessary to investigate a work-related injury. [Ross] needed to

> report the injury as work-related on or before January 29, 2013, 90 days after the injury occurred.
>
> Because [Ross]'s testimony hearing is significantly different than her deposition testimony, I find [Ross]'s testimony at the hearing was not credible. I find Mr. Wilson's testimony at hearing to be credible, particularly since his testimony is consistent with the testimony claimant gave during her deposition.

The commissioner concluded Ross's claim was barred because she did not inform the employer she had a work-related injury within ninety days as required by section 85.23. The commissioner also concluded the discovery rule did not apply "because, as a responsible person, claimant should have recognized the nature, seriousness, and probable compensable character of the condition as of November 1, 2012, the day the incident occurred, and claimant should have told her supervisor it was work related." Finally, the commissioner found Ross's testimony was not credible and that Wilson's testimony was consistent with the facts shown.

Ross filed a petition for judicial review. The district court affirmed the decision of the commissioner, finding there was substantial evidence in the record to support the commissioner's conclusion Ross did not tell her employer she had been injured at work within the ninety-day period. The court also found the commissioner's decision regarding the discovery rule was not irrational, illogical, or wholly unjustifiable because Ross knew the nature, seriousness, and potential compensability of the injury at the time of the accident. Ross now appeals the decision of the district court.

## II. Standard of Review

We review the commissioner's legal findings for the correction of errors at law. *IBP, Inc. v. Burress*, 779 N.W.2d 210, 213 (Iowa 2010). We are bound by

the commissioner's findings of fact so long as those findings are supported by substantial evidence. *Evenson v. Winnebago Indus., Inc.*, 881 N.W.2d 360, 333 (Iowa 2016). "'Substantial evidence' means the quantity and quality of evidence that would be deemed sufficient by a neutral, detached, and reasonable person, to establish the fact at issue when the consequences resulting from the establishment of that fact are understood to be serious and of great importance." Iowa Code § 17A.19(10)(f)(1).

"If the findings of fact are not challenged, but the claim of error lies with the agency's interpretation of the *law,* the question on review is whether the agency's interpretation was erroneous, and we may substitute our interpretation for the agency's." *Meyer v. IBP, Inc.*, 710 N.W.2d 213, 219 (Iowa 2006) (citing Iowa Code § 17A.19(10)(c)). Furthermore, if "the claim of error lies with the *ultimate conclusion* reached, then the challenge is to the agency's application of the law to the facts, and the question on review is whether the agency abused its discretion by, for example, employing wholly irrational reasoning or ignoring important and relevant evidence." *Id.* (citing Iowa Code § 17A.19(10)(i), (j)). "[T]he commissioner as the fact finder has the responsibility for determining credibility of witnesses, and we are bound by the commissioner's findings if supported by substantial evidence." *Sherman v. Pella Corp.*, 576 N.W.2d 312, 320 (Iowa 1998).

### III.    Notice of Injury

Ross claims the workers' compensation commissioner erred in finding she did not give timely notice of her injury, as required by section 85.23. Ross states she informed her supervisor, Wilson, of her injury on the date it occurred,

November 1, 2012. She claims the commissioner improperly required her to also tell her supervisor the injury was related to her work. Ross states Wilson had enough information on November 1, 2012, to realize there was a possibility she had a work-related injury.

Section 85.23 provides:

> Unless the employer or the employer's representative shall have actual knowledge of the occurrence of an injury received within ninety days from the date of the occurrence of the injury, or unless the employee or someone on the employee's behalf or a dependent or someone on the dependent's behalf shall give notice thereof to the employer within ninety days from the date of the occurrence of the injury, no compensation shall be allowed.

"[T]he notice requirement of section 85.23 protects the employer by insuring he is alerted 'to the *possibility of a claim* so that an investigation can be made while the information is fresh.'" *Dillinger v. City of Sioux City*, 368 N.W.2d 176, 180 (Iowa 1985) (citation omitted). The employer has the burden to show an employee failed to meet the ninety-day notice provision. *IBP*, 779 N.W.2d at 219.

Under the statute, an employee must give the employer notice of an injury within ninety days, unless the employer has actual knowledge of the injury. *Dillinger*, 368 N.W.2d at 179. "Actual knowledge must include information that the injury might be worked-connected." *Johnson v. Int'l Paper Co.*, 530 N.W.2d 475, 477 (Iowa Ct. App. 1995). "It requires *more* than the that the employer was aware of an employee's illness." *Id*. The actual knowledge provision requires an employer to have "actual knowledge of the reasonable possibility of an injury that was work-connected." *Dillinger*, 368 N.W.2d at 181.

We find the commissioner properly determined Ross needed to do more than just tell her employer her shoulder was sore. There is substantial evidence in the record to support the commissioner's finding the employer did not have actual knowledge of a reasonable possibility Ross's injury was related to her work, especially given the credibility findings made by the commissioner. Ross told Wilson, her supervisor, her shoulder was sore and did not tell him there was a reasonable possibility her condition was connected to her work. We affirm the conclusions of the commissioner and the district court finding Ross did not adequately give notice of her injury, as required by section 85.23.

## IV.    Discovery Rule

Ross claims the commissioner should have determined she gave timely notice under section 85.23 due to the application of the discovery rule. "Under the discovery rule, the time within which a proceeding must be commenced does not begin to run until the claimant, as a responsible person, should recognize the nature, seriousness, and probable compensable character of the condition." *Johnson v. Heartland Specialty Foods*, 672 N.W.2d 326, 328 (Iowa 2003). The discovery rule may be applied to the notice requirement in section 85.23. *IBP*, 779 N.W.2d at 218. Ross claims she knew she was injured on November 1, 2012, and the injury was related to her work, but she did not know the seriousness and probable compensable character of her injury at that time.

On this issue, the commissioner found:

> I find that the 90-day notice requirement was not tolled because [Ross] actually did feel compelled to tell her supervisor about the incident so she could receive help with her job duties, which clearly indicates [Ross] should have understood the seriousness of the problem. Unfortunately, for whatever reason,

when [Ross] reported her condition she failed to tell her supervisor it was work-related.

The commissioner further found Ross was not a credible witness.

On judicial review, the district court found at the time of the injury, "[t]he resulting pain was serious enough for [Ross] to tell her supervisor she was in pain." The court found, "It is rational, logical, and justifiable to reason that those facts indicate she knew the nature and seriousness of the injury at the time of the accident." The court also found Ross had prior experience with workers' compensation, and therefore, knew or should have known of the potential compensability of her injury. The court concluded the commissioner's application of the law to the facts was not irrational, illogical, or wholly unjustifiable.

Ross sufficiently recognized the nature, seriousness, and probable compensable character of her condition so she informed her supervisor at the time of her injury. *See Johnson*, 672 N.W.2d at 328. The notice to her supervisor was not adequate under section 85.23, however, because she did not inform the employer of the reasonable possibility her condition was related to her work. *See Dillinger*, 368 N.W.2d at 181. We concur in the district court's conclusion the commissioner's application of the law to the facts was not irrational, illogical, or wholly unjustifiable.

We affirm the decision of the workers' compensation commissioner and the district court.

**AFFIRMED.**

Mullins, J., concurs; Danilson, C.J., dissents.

**DANILSON, Chief Judge** (dissenting).

I respectfully dissent. Ross told her supervisor, "Scott, a box has fallen, I hurt my shoulder." At the time, she was at work and working on a line. Notwithstanding Ross' testimony, Wilson contended that "from what [he could] remember," he was not told about and did not know the cause of her injury. Wilson acknowledged he asked Ross if she wanted him to call an ambulance or wanted to see a doctor. I find Wilson's response to the notice of injury to be much akin to Sgt. Schultz's well-known quote from the television series "Hogan's Heroes"—"I see nothing, I know nothing!"[1]

I would conclude sufficient notice was provided to the employer and reverse. These facts are distinguishable from the facts in *Johnson v. International Paper Co.*, 530 N.W.2d 475, 477 (Iowa Ct. App. 1995), where the employee simply told the supervisor he was experiencing leg pain. Here, Ross said she was hurt while working, and Wilson even offered to call for an ambulance and asked if Ross wanted to see a doctor.

---

[1] Bernard Fein and Albert Ruddy, creators. *Hogan's Heroes* (CBS television series 1965-1971).