# IN THE COURT OF APPEALS OF IOWA

No. 16-2230
Filed October 11, 2017

**SANDRA CALLAHAN,**
    Plaintiff-Appellant,

**vs.**

**HORSESHOE CASINO and ZURICH AMERICAN,**
    Defendants-Appellees.
_____

Appeal from the Iowa District Court for Pottawattamie County, Kathleen A. Kilnoski, Judge.

Sandra Callahan appeals the district court's ruling on judicial review upholding the decision of the workers' compensation commissioner denying her claim for benefits. **AFFIRMED.**

Laura L. Pattermann and Eric C. Hansen of Law Offices of Gallner & Pattermann, P.C., Council Bluffs, for appellant.

Matthew D. Hammes and Amy M. Locher of Locher Pavelka Dostal Braddy & Hammes, L.L.C., for appellee.

Considered by Danilson, C.J., and Tabor and McDonald, JJ.

**DANILSON, Chief Judge.**

Sandra Callahan appeals the district court's ruling upholding the workers' compensation commissioner's finding Callahan did not give timely notice of her work-related injury.

The Iowa Administrative Procedure Act requires the district court to review agency action when a party invokes the district court's jurisdiction. Iowa Code § 17A.19(10) (2014). This court reviews the district court decision to determine whether we would reach the same result as the district court. *Gits Mfg. Co. v. Frank*, 855 N.W.2d 195, 197 (Iowa 2014).

Horseshoe Casino (Horseshoe) former employee Sandra Callahan filed a petition for judicial review of the workers' compensation commissioner's decision. The commissioner determined the employer did not have actual knowledge before August 13, 2012, that Callahan's back problems, which manifested October 10, 2011, were work related. The commissioner concluded that there was "no credible evidence in the record" to support the deputy's finding to the contrary, and because Callahan admittedly did not make her report of injury to Horseshoe until August 13, 2012, well beyond the ninety-day limitation required under Iowa Code section 85.23,[1] Callahan's claim was time barred.

---

[1] Iowa Code section 85.23 (2011) provides:

> Unless the employer or the employer's representative shall have actual knowledge of the occurrence of an injury received within ninety days from the date of the occurrence of the injury, or unless the employee or someone on the employee's behalf or a dependent or someone on the dependent's behalf shall give notice thereof to the employer within ninety days from the date of the occurrence of the injury, no compensation shall be allowed.

In 2017, the provision was amended to add the following sentence: "For the purposes of this section, 'date of the occurrence of the injury' means the date that the

Callahan filed a petition for judicial review, contending the commissioner misplaced the burden of proof of actual notice on Callahan; the commissioner's finding was not supported by substantial evidence; and the commissioner's application of law to facts was illogical, irrational, or wholly unjustifiable. After a hearing, the district court upheld the commissioner's ruling, and Callahan appeals.

The commissioner, as trier of fact, found Callahan's cumulative injury manifested on October 10, 2011, and Callahan gave formal notice to her employer that her injury was work-related on August 13, 2012. A deputy commissioner had ruled that the employer failed to carry its burden it did *not* have actual notice Callahan's injury was work related in November or December 2011. With respect to the employer's actual notice, the commissioner wrote:

> While it clearly appears the employer was aware for quite some time before August 2012, that claimant had a low back condition, I do not agree with the finding that the employer had actual knowledge before August 13, 2012, that the condition was work related. There simply is no credible evidence in the record to support such a finding. [Callahan's] testimony regarding actual notice is extremely vague and flimsy and it directly contradicts her deposition testimony. Even if [Callahan's] testimony at hearing could be believed, the deposition testimony of [employer representative] Rod Jobman clearly provides a basis for concluding that the employer did not have actual knowledge of the causation of Ms. Callahan's condition at any time before Ms. Callahan reported the injury on August 13, 2012.

The commissioner thus concluded Callahan's claim for permanent partial disability benefits was barred by the notice provision of Iowa Code section 85.23.

> Making a determination as to whether evidence "trumps" other evidence or whether one piece of evidence is "qualitatively

---

employee knew or should have known that the injury was work-related." 2017 Iowa Acts ch. 23, § 3.

weaker" than another piece of evidence is not an assessment for the district court or the court of appeals to make when it conducts a substantial evidence review of an agency decision. It is the commissioner's duty as the trier of fact to determine the credibility of the witnesses, weigh the evidence, and decide the facts in issue. The reviewing court only determines whether substantial evidence supports a finding "*according to those witnesses whom the [commissioner] believed.*"

*Arndt v. City of Le Claire*, 728 N.W.2d 389, 394-95 (Iowa 2007) (alterations and emphasis in original) (citations omitted); *accord Gits Mfg.*, 855 N.W.2d at 198.

We have reviewed the entire record, as well as the district court's careful review of the law and conclusions. We first conclude the commissioner and district court properly placed the burden of proof of the employer's affirmative defense upon the employer in reaching their conclusions. There is room to disagree with the commissioner's conclusion that "there is no credible evidence in the record" of actual notice. Dr. Bruening submitted a "fitness for duty" authorization to the employer which states in part, "Sandy may have to leave work early if lower back pain gets aggravated." This form was dated October 27, 2011. But even this statement is not specific. It does not directly state Callahan's condition is work related, although it might be inferred. We conclude however, that these facts are akin to the facts in *Johnson v. International Paper Co.*, 530 N.W.2d 475 (Iowa Ct. App. 1995). In *Johnson*, a supervisor's knowledge that the claimant's leg was hurting and wanted to go home did not equate to actual knowledge or actual notice that the condition was work related. 530 N.W.2d at 477. There is substantial evidence supporting the commissioner's finding that the employer did not have actual notice that Callahan's back problems were work related until August 2012. We also conclude the

commissioner's determination that Callahan's claim was time barred was not illogical, irrational, or wholly unjustifiable. *See* Iowa Ct. R. 21.26(1)(a), (b), (d), (e). We therefore affirm the district court.

**AFFIRMED.**