# IN THE COURT OF APPEALS OF IOWA

No. 18-2066
Filed November 6, 2019

**MARIA DEL ROSARIO ROMERO,**
Plaintiff-Appellant,

**vs.**

**CURLY'S FOODS, and SAFETY NATIONAL,**
Defendants-Appellees.

_____

Appeal from the Iowa District Court for Polk County, Karen A. Romano,

Judge.

Maria Del Rosario Romero appeals the district court decision affirming the

workers' compensation commissioner's denial of benefits. **AFFIRMED.**

James C. Byrne of Neifert, Byrne & Ozga, P.C., West Des Moines, for

appellant.

Timothy A. Clausen of Klass Law Firm, L.L.P., Sioux City, for appellees.

Considered by Vaitheswaran, P.J., and Tabor and Greer, JJ.

**VAITHESWARAN, Presiding Judge.**

Maria Del Rosario Romero injured her shoulder while working at Curly's Foods. Romero filed a claim with the workers' compensation commission alleging the injury "to be, at least in substantial part, cumulative in nature, due to her repetitive/exertional work activities for the employer." Following a hearing, a deputy commissioner found, "Claimant's direct testimony at hearing pointed to May 2013 as the date claimant began experiencing shoulder difficulties." The deputy further found, "[C]laimant . . . knew she suffered from a condition or injury and the condition or injury was caused by her employment and dated back to May of 2013." Finally, the deputy found, "Curly's did not have notice of claimant's cumulative injury until . . . March 28, 2014." The deputy concluded, "[C]laimant did not tender notice within 90 days of the date the bilateral shoulder condition manifested itself in May of 2013," as required by Iowa Code section 85.23 (2015). Accordingly, the deputy disallowed the claim. The workers' compensation commissioner agreed with the deputy's decision. On judicial review, the district court affirmed the agency decision. Romero appealed.

Iowa Code section 85.23[1] stated:

> Unless the employer or the employer's representative shall have actual knowledge of the occurrence of an injury received within ninety days from the date of the occurrence of the injury, or unless the employee or someone on the employee's behalf or a dependent or someone on the dependent's behalf shall give notice thereof to the employer within ninety days from the date of the occurrence of the injury, no compensation shall be allowed.

---

[1] In 2017, the legislature amended the statute to include the following language: "For the purposes of this section, 'date of the occurrence of the injury' means the date that the employee knew or should have known that the injury was work-related." 2017 Iowa Acts Ch. 23, § 3. The provision as amended applies to injuries occurring on or after July 1, 2017. 2017 Iowa Acts Ch. 23, § 24. Romero's shoulder injury occurred in 2013.

The Iowa Supreme Court has construed "the date of the occurrence of the injury" in multiple opinions over the last several decades. "[W]hen the disability develops over a period of time[,] then the compensable injury itself is held to occur at the later time." *McKeever Custom Cabinets v. Smith*, 379 N.W.2d 368, 373 (Iowa 1985). This is known as the cumulative injury rule. *Id.* Under the rule, the date of injury is "the time at which the disability manifests itself." *Herrera v. IBP, Inc.*, 633 N.W.2d 284, 287 (Iowa 2001) (quoting *Oscar Mayer Foods Corp. v. Tasler*, 483 N.W.2d 824, 829 (Iowa 1992)).

> [A] cumulative injury is manifested when the claimant, as a reasonable person, would be plainly aware (1) that he or she suffers from a condition or injury, and (2) that this condition or injury was caused by the claimant's employment. Upon the occurrence of these two circumstances, the injury is deemed to have occurred. Nonetheless, by virtue of the discovery rule, the [limitations period for giving notice] will not begin to run until the employee also knows that the physical condition is serious enough to have a permanent adverse impact on the claimant's employment or employability, i.e., the claimant knows or should know the "nature, seriousness, and probable compensable character" of his injury or condition.

*Id.* at 288 (quoting *Orr v. Lewis Cent. Sch. Dist.*, 298 N.W.2d 256, 257 (Iowa 1980)); *see Dillinger v. City of Sioux City*, 368 N.W.2d 176, 179 (Iowa 1985) (indicating discovery rule also applies to toll limitations period for notice requirement contained in section 85.23). "The preferred analysis is to first determine the date the injury is deemed to have occurred . . . and then to examine whether the statutory period commenced on that date or whether it commenced upon a later date based upon application of the discovery rule." *Herrera*, 633 N.W.2d at 288.

Romero does not challenge the manifestation date. She focuses on the commissioner's application of the discovery rule. In her view, "While it may very

well be correct that [her] cumulative bilateral shoulder injury occurred or 'manifested' in May of 2013, as the Agency concluded, the evidence is clear that [she] did not reasonably discover or know at that time, or at any time before May of 2014, that her bilateral shoulder injury would cause a 'permanent adverse impact' upon her employment."

Romero relies on *Larson Manufacturing Company*, *Inc. v. Thorson*, 763 N.W.2d 842, 852–55 (Iowa 2009). There, the commissioner concluded the employee's claims were not barred by the two-year statute of limitations set forth in section 85.26 "because Thorson did not know, nor should she have known, the conditions [in 1996] would have a permanent adverse impact on her employment until she received [a physician's] report in 2000." *Thorson*, 763 N.W.2d at 848–49. The supreme court affirmed the agency decision. *Id.* at 855. The court stated, "Although the record could support a finding of an earlier discovery date, the finding made by the commissioner is supported by substantial evidence in the record." *Id.*; *see also Baker v. Bridgestone/Firestone*, 872 N.W.2d 672, 681–82 (Iowa 2015) ("[The *Thorson* court] reaffirmed that the phrase 'permanent adverse impact' provides an abbreviated or alternative characterization of the three elements of the discovery rule test: nature, seriousness, and probable compensable character of the injury."). As in *Thorson*, the substantial-evidence standard of review controls our disposition, but it does not lead to the result Romero seeks. *See* Iowa Code § 17A.19(10)(f).

The commissioner made the following pertinent findings:

> Claimant concedes she realized her bilateral shoulder condition was both work related and serious in May 2013 because she testified she reported the condition to defendants at that time.

> However, Kathy Peterson, defendant-employer's human resources manager, and Kris Carr, defendant-employer's occupational health nurse, both testified claimant never reported her shoulder condition to defendants until March 27, 2014. The deputy commissioner found Ms. Peterson and Ms. Carr to be more credible than claimant on this point and I affirm the deputy commissioner's finding in that regard.

The commissioner determined the case to be "one of those extremely rare cases where a claim should be barred by a claimant's failure to comply with the 90-day notice requirement contained in Iowa Code section 85.23." In the commissioner's view, this was "a fact-specific finding" applicable "only to this case."

We find it unnecessary to recap those facts. Suffice it to say that the commissioner's findings are supported by substantial evidence. *See Arndt v. City of Le Claire*, 728 N.W.2d 389, 394–95 (Iowa 2007) ("It is the commissioner's duty as the trier of fact to determine the credibility of the witnesses, weigh the evidence, and decide the facts in issue. The reviewing court only determines whether substantial evidence supports a finding *according to those witnesses whom the commissioner believed*." (emphasis in original) (internal citation and quotations omitted)). We also conclude the commissioner's application of the discovery rule to the facts was not irrational, illogical, or wholly unjustifiable. *See Jacobson Transp. Co. v. Harris*, 778 N.W.2d 192, 196 (Iowa 2010) (citing Iowa Code § 17A.19(10)(m)). Accordingly, the agency decision is affirmed.

**AFFIRMED.**