# IN THE COURT OF APPEALS OF IOWA

No. 20-0658
Filed April 14, 2021

**JOHN DEERE DAVENPORT WORKS,**
     Plaintiff-Appellant,

**vs.**

**JAMES D. DICKERSON,**
     Defendant-Appellee.

_____

Appeal from the Iowa District Court for Polk County, David Nelmark, Judge.

An employer appeals from a district court ruling affirming the Iowa Workers' Compensation Commissioner's denial of its affirmative defense. **AFFIRMED.**

Troy A. Howell of Lane & Waterman LLP, Davenport, for appellant.

Andrew W. Bribriesco, Bettendorf, for appellee.

Considered by Mullins, P.J., and May and Schumacher, JJ.

**MAY, Judge.**

John Deere Davenport Works (Deere) appeals the district court's ruling on Deere's petition for judicial review of an Iowa Workers' Compensation Commissioner's appeal decision awarding benefits to James Dickerson. We affirm.

Deere's appeal focuses on the term "injury" in Iowa Code section 85.23 (2016).[1] Section 85.23[2] provides:

> Unless the employer or the employer's representative shall have actual knowledge of the occurrence of an injury received within ninety days from the date of the occurrence of the injury, or unless the employee or someone on the employee's behalf or a dependent or someone on the dependent's behalf shall give notice thereof to the employer within ninety days from the date of the occurrence of the injury, no compensation shall be allowed.

Deere claims that because Dickerson did not provide notice of his injury within ninety days, section 85.23 serves as an affirmative defense against Dickerson's claim for benefits. Deere notes the report Dickerson completed, known as a "Near Miss Report," only stated he "was working on an unfamiliar fixture from normal daily task when [he] was moving from one weld to another on [his] stool and hit [his] head on the fixture." Deere argues Dickerson's statement lacked any claim that he was hurt or damaged.

---

[1] We review legal interpretations of chapter 85 for errors at law. *Gumm v. Easter Seal Soc'y of Iowa, Inc.*, 943 N.W.2d 23, 28 (Iowa 2020).

[2] The legislature amended section 85.23, effective July 1, 2017, to add the following sentence to the end of the section: "For the purposes of this section, 'date of the occurrence of the injury' means the date that the employee knew or should have known that the injury was work-related." *See* 2017 Iowa Acts ch. 23, § 3 (codified at Iowa Code § 85.23 (Supp. 2017)). The parties agree this amended version of section 85.23 does not apply to this case. The district court quoted the amended version of section 85.23, though both parties agree the language added by the amendment did not impact the district court's ruling.

The district court aptly addressed Deere's claim. We see no grounds to improve upon the court's analysis. As the court explained:

> [T]his case comes down to a single question: Did Mr. Dickerson put Deere on notice of the possibility of a workers' compensation claim? The Workers' Compensation Commissioner believed that he did. The court agrees.
>
> Both parties believe that *Alm v. Morris Barick Cattle Co.*, 38 N.W.2d 161 (Iowa 1949), supports their position. The key passage in *Alm* states:
>
>> Complaint is made that no notice of the precise nature of claimant's injury was given appellant within 90 days as required by section 85.23, Code of Iowa, I.C.A. It is sufficient answer that the statute does not require this. The form of notice suggested by section 85.24 merely recites 'personal injury was sustained,' giving the date, name and place employed and point where located when injury occurred.
>
> [38 N.W.2d] at 163. Mr. Dickerson points out that "no notice of the precise nature of claimant's injury" was required. Deere counters that notice of an "injury" not just an "incident" was required. Ultimately, the court finds *Alm* to be of little value because the notice actually given in that case was not discussed.
>
> Deere directs the Court to *McPhee v. Eagle Iron Works*, No. 00-0532, 2001 WL 194776 (Iowa Ct. App. Feb. 28, 2001). This is an unpublished decision of the Iowa Court of Appeals. It is also easily distinguished. McPhee claimed that after a verbal dispute, a co-worker "attempted to run over" McPhee with his vehicle. [*McPhee*, 2001 WL 194776,] at *1. There was no allegation that the vehicle had struck him. More than a year later, McPhee alleged post-traumatic stress from the incident. *Id.* at *1. Unlike McPhee, Mr. Dickerson provided notice that physical contact had occurred. He "hit [his] head."
>
> Deere acknowledges that if the Near Miss Report had stated Mr. Dickerson "hit his head and it hurt" rather than just that he "hit his head" then the notice of injury would have been sufficient. Accordingly, it is worth asking whether the Near Miss Report implied that when Mr. Dickerson hit his head, it hurt.
>
> Deere points out that Mr. Dickerson struck his head nearly every day at work. Mr. Dickerson did not sustain injuries each day. Thus, Deere argues, announcing that he struck his head is not the same as announcing that he sustained an injury. The fact that Mr. Dickerson often struck his head is a double-edged sword, however. In these incidents, except for the one at issue in this case, Mr. Dickerson did not provide any notice to Deere about what

happened. Here, he submitted a Near Miss Report. That should have suggested to Deere that this incident was out of the ordinary.

Deere contends that submitting a Near Miss Report, as opposed to some other report with an unspecified title, implies that an injury was not sustained. In other words, an injury was "nearly obtained." The only citation in the record that Deere directs the court to in support of this interpretation of a Near Miss Report comes from Mr. Dickerson's deposition testimony.

> Q: What is a near miss report?
>
> A: A near miss report at John Deere Davenport Works is if—not necessarily for an accident, but almost anything that has a corrective action. It could be used—It could be used multiple ways. Say your magnet that you were lifting the hoist up with broke or for some reason let loose, you would file a near miss report because that happened. Us on the floor doesn't really call it a near miss. You know, it nearly gotcha is what we call it, but you could use it for multiple things, like say reporting an accident, reporting truck drivers not driving—not stopping at stop signs, people, you know, doing things that are unsafe, so they can figure out some corrective action to it.

[(Record citation omitted.)] This characterization is not inconsistent with how Deere describes the report, but it does not go so far as to prove Deere's point. It appears this report could be used for many different things. Submitting one does not mean an injury occurred, but it likewise does not establish an injury did not occur. This is particularly true when the incident described is not that Mr. Dickerson *nearly* hit his head, but rather that he actually did so. In any event, given the guidance in Iowa Code § 85.24 that no "particular form" of notice is required, the court does not believe the title of the document providing notice should be given much weight.

The fact that a written report was completed, regardless of its title, put Deere on notice that an incident had occurred and gave it the opportunity to investigate. "The purpose of section 85.23 is to alert the employer to the possibility of a claim so that an investigation of the facts can be made while the information is fresh." *Robinson v. Dep't of Transp.*, 296 N.W.2d 809, 811 (Iowa 1980). Deere was fairly on notice about the *possibility* of a claim. If Deere was unclear whether Mr. Dickerson was injured in the incident, it could have reached out to him to ask. Deere did not do so.

In sum, when an employee physically strikes his head and determines that the incident warrants the completion and submission of a written report, an employer is fairly put on notice that the employee was likely in some degree of pain. The requirements of Iowa Code § 85.23 were met.

We find no grounds to reverse.  We affirm without further opinion.[3]  *See* Iowa Ct. R. 21.26(1)(d).

**AFFIRMED.**

---

[3] To the extent Deere attempts to challenge the sufficiency of the evidence, its claim is not preserved for our review because it did not receive a ruling on this issue from the district court and it did not request a ruling on this claim through an Iowa Rule of Civil Procedure 1.904(2) motion.  *See Meier v. Senecaut*, 641 N.W.2d 532, 537–38 (Iowa 2002).